## 11103

### HAITHCOCK v. HAITHCOCK
#### (115 S. E., 727)

Adverse Possession—Ejectment—Charge on Issues of Plaintiff's Right to Recover Land and Adverse Possession by Defendant and Presumption of Grant Held Correct.—In an action to recover real estate, where the defendant interposed general denial and pleaded adverse possession for 35 years within the Statutes of Limitations for 10, 20, and 30 years, and also alleged sole and exclusive possession for more than 20 years prior to the commencement of the action, a charge covering the issue of the burden on plaintiff to prove his right to the land and the issues of adverse possession under the Statute of Limitations and presumption of grant from 20 years' possession *held* correct.

Before McIver, J., Richland, 1920. Affirmed.

Action by M. H. Haithcock against W. G. Haithcock. Verdict for plaintiff and defendant appeals.

The following is the Judge's charge to the jury:

This case has taken a good long while for trial, and, inasmuch as it has been very vigorously and very earnestly tried, you are perhaps somewhat confused in your own minds as to what are the distinct issues in this case that you are to pass on.

Now, if you will try to give me your close attention for a few minutes, I will try to make it plain to you what is the exact situation in this case, and what is the law applicable to the case as made out.

When two parties have a difference of opinion over the possession of property, and they cannot adjust it, and one of them comes into Court to enforce what he claims to be his right, the law requires that he set out in a written paper, which is called the complaint, his cause of action—

that is, set out his grievance—his complaint, and his prayer to the jury to grant him the relief asked for. The defendant then is required to come by an answer and set up his side of the case, his objection to the plaintiff's cause of action, his answer to the grievance. Those two papers, the complaint on the part of the plaintiff and the answer on the part of the defendant, raise the issue or issues that are submitted to a jury for their determination.

Now, what are the issues in this case?

The plaintiff, M. H. Haithcock, comes in and says in his complaint that he is the owner of a certain tract of land in Richland County, containing 37 acres, which he specifically describes in his complaint. He alleges that about the first of March, 1917, the defendant, W. G. Haithcock, took that land out of his possession forcibly, and claims it as his own, and he asks you to decree that the land is his, in order to be given back to him, with such damage as he may have sustained by reason of the alleged unlawful taking of his land.

Now, that is the plaintiff's side of the case.

Now, the defendant, by way of answer, comes in and denies each and every allegation of the complaint; that is, he puts the plaintiff to the proof of his case. He denies that it is the plaintiff's land or that he has forcibly taken possession of any land of the plaintiff but alleges, on the other hand, that the land is his.

Then, in addition to that, he sets up what is called in law the plea of the statute of limitations, which is that he alleges that neither the plaintiff nor his predecessors nor grantors have been in possession of that land for 10 years before the beginning of this action, and that therefore his claim is barred by the statute of limitations. I will explain that to you a little later. That is one of his affirmative pleas.

He further sets forth that he himself has been in the actual open, hostile, and notorious possession of that 37-acre tract of land for 10 years, and that that, under the law of this state, gives him title to the land.

Then he pleads that he has been in possession of that land for as much as 20 years, and that under that plea, that under that state of facts, the law presumes everything to have been done that was necessary to be done to give him title to the land.

So he denies, in the first place, the title to the plaintiff. He also pleads that the plaintiff is barred by the statute of limitations. Then affirmatively he alleges that he has been in possession for 10 years, under the law of adverse possession, and that he also has been in possession for 20 or more years, and that the possession of land for 20 or more years presumes a grant in him from the state.

Now, as I say, I will try to explain all that to you more fully as we go into the consideration of the law of the case.

Now, gentlemen, that raises the issue between the parties as to whose land this 37 acres is. The facts of this case, as of every case, are for the jury alone. The Court has nothing to do with the facts of any case that is being tried. The Court can only charge you the law applicable to the case as made out. The jury must find the facts, independently, for themselves. And so zealous have our lawmakers been that the jury shall not be influenced by any intimation of any opinion on the part of the Court as to what the facts are, that the Judge is not even allowed, under the law, to narrate the facts of the particular case, or to express any opinion whatsoever on them, or even to state the evidence in any way as applicable to the law that he announces. The Judge can only give to the jury in its abstract form the law that is applicable to cases of this kind. The jury must then find the facts for themselves, from the evidence, and apply the facts to the law as given them by the Court, and arrive at their conclusion.

Now, gentlemen, you are bound to pass on and find what the facts of this particular case are. You are equally bound, under your oaths, to take the law from me as I give it to

you.    Whether I am right or wrong, you have nothing to
do with that question.    You are bound to take the law
from me as I give it to you.

You cannot reverse or change the law as I give it to you,
but you must take it from me, and if I make a mistake,
then the law has provided another tribunal that can correct
any errors of law that I may make.

Now, gentlemen, I charge you that when a person comes
into Court and states his grievance, and asks relief from a
jury, and asks that the jury give him something from the
other side, he assumes the burden of proving that he is
entitled to the relief.    And naturally so, for before a man
can ask you to give him something from another man, he
must satisfy you by the preponderance or greater weight
of the testimony that he is entitled to what he asks you to
give him.    In other words, he assumes the burden of prov-
ing to your satisfaction by the preponderance or greater
weight of the testimony that he is entitled to the relief he
asks for.    The burden of proof, then, is on the plaintiff to
satisfy you—not, as on the other side of the Court, beyond
a reasonable doubt—but to satisfy you by the preponder-
ance or greater weight of the testimony, that he is right;
and unless the plaintiff satisfies you of that by the greater
weight of the testimony, then of course he has failed to
make out his case, and cannot recover.

Now, what do we mean by the preponderance or greater
weight of the testimony?    It does not mean the greater
number of witnesses.    Witnesses weigh; they do not count
in number.    It has been illustrated in the law books by the
comparison of the old-fashion scales or weights or balances;
the testimony for the plaintiff being on one side, and the
testimony for the defendant being on the other.    The law
requires the plaintiff to put on his side of the scales enough
evidence to outweigh—however small, however so little—
but to outweigh that on the part of the defendant's side of
the scales.    And that is what is meant by the preponderance

of the evidence; that the plaintiff must establish his case by the preponderance or greater weight of the evidence; that is, he must make his side of the case outweigh, however little it may be, the side on the part of the defendant.

Now, gentlemen, the defendant, in addition to denying the plaintiff's right and putting him on proof, putting on him the burden of making out his case, has set up some affirmative defenses; and where the defendant sets up an affirmative defense, then he assumes the burden of establishing that affirmative defense by the preponderance or greater weight of the evidence.

Now, one of his affirmative defenses is the statute of limitations. He must make out, by the greater weight of the evidence, that defense before it can be said to be established. Now, what do we mean by the statute of limitation? The law provides that if a man, owning a piece of property, which he may have an absolute legal title for, if he stays out of possession, does not exercise any act of ownership or right or claim to that property for a period of 10 years, and allows some one else to go in and take and occupy and use that property continuously for 10 years, why, then, the law says to him that, "having stayed out of the possession of your property, having failed to assert any claim to it for 10 years, you are barred by the statute from now coming in and establishing your title." That is what is called the Statute of Limitations.

The defendant also sets up the plea of adverse possession, which means that he claims that he has been in the actual, open, hostile, continuous, and notorious possession of the land in dispute for 10 years, and that, under the law, having been in such possession of the property for 10 years, the law gives him title to the property. That is what adverse possession means. It is a statute of repose. It is a statute passed by the Legislature for the purpose of quieting title, that where a man has been in the actual, open, notorious, exclusive, and hostile possession of a piece of

land for 10 years, claiming it as his own, the law says it will not interfere in the question whether he had good title when he went into possession or not, but, having remained in possession, open, notorious, and hostile to all the world, for that length of time, the law says that establishes title by adverse possession.

The defendant also sets up a plea of grant from the state by presumption; in other words, he sets up the contention that he has been in the open, notorious, and adverse possession of this tract for 20 years, and that the law, after such possession for 20 years, will presume that everything that was necessary to do to give him a good title has been done, and that he will have a title by presumption of a grant from the State of South Carolina.

Now, those are his pleas, and I will consider, as we go on, how they apply to this particular case.

Now, I charge you, gentlemen, that in a case of a suit to try title to a tract of land, the plaintiff must depend upon the strength of his title, and not the weakness of his adversary's title. That is a logical conclusion from the rule of law, that the plaintiff may prove his case. He must recover, if he recover at all, upon the strength of his case, and not upon the weakness of the case of the other side.

Now, what must the plaintiff prove in order to establish his title to land? Ordinarily, gentlemen, we assume that title to land passes by a deed, or by a will, or a decree of the Court, or a written instrument of that kind, and that is true. But that is not the only way that a man may acquire title to land. There are four ways in this state by which a man may acquire title to land, and I will give you those four ways.

The title to all land was originally in the state, in the sovereign, or, prior to the Revolution, in the crown of England—and that is called the source of all title, in the state. So the first way in which a man may establish title

to land is by showing a grant from the state, the source of all title, to himself, or a grant from the state to some one, and then by successive deeds, down to him. That is called a perfect legal paper title, a deed to himself, and then tracing back to some one else and to some one else, until it reaches the state, and then a grant from the state to the first holder of the land. That is one way.

A second way is to trace his title back to a common source; that is, to trace his title back to some party from whom both sides claim; that is, a common source—to show that he has a deed for this land, that he got the deed from another person; that that other person got it from another person, until they get back to a person from whom both sides claim—and that is called the common source. So if a man traces his title back to a common source, his title is good, unless the defendant shows a better title in himself, or some one else, because the defendant, in order to defeat the plaintiff's claim to land, does not necessarily have to show he owns it; he can show that any one else owns it, and that would deprive the plaintiff of recovering, because in that event the plaintiff would have failed to establish a title in himself, which he assumes the burden of doing. That is the second mode—tracing title back to a common source.

Third, he may show that he and those under whom he claims have been in the actual, hostile, exclusive, and continuous possession of the land for 20 years, and that being a fact, if he establishes it as a fact, that the law presumes—and it is an irrebuttable presumption—that the law presumes he must have had a good title to it, and that he must have connected himself with a grant, and it will presume whatever is necessary to give him a good title. If a man shows that he and those under whom he claims have been in such actual possession as I have stated of a tract of land for 20 years, then the law presumes he has good title to it by grant from the state.

The fourth way to establish title is to show that he himself has been in actual, hostile, open and notorious possession of the tract of land for a period of 10 years, himself (he himself) not connected with those under whom he claims, unless those under whom he claims are by way of inheritance—inheriting from his father or mother, or any one else—which would be the same as holding it himself. A man cannot tack, in order to make 10 years, so many years in the possession of himself and so many years' possession in one from whom he gets a deed. The 10 years must be 10 years in himself alone or by way of inheritance

Now, he may tack his title and the title of those from whom he obtained title, so as to make up the 20 years which would presume a grant; but in order to make up the 10 years of adverse possession, he cannot tack his title with the title of his grantor or those under whom he claims as purchaser.

Now, those are the ways in which a man may show title to land: First, by tracing it to the state, under a grant from the state; second, by tracing his title from a common source; third, by showing possession for 20 years in himself and those under whom he claims; and, fourth, by showing 10 years' possession in himself, or by inheritance.

Now, that is the way a man may show title to land.

How may that title be defeated?

Well, the defendant may defeat the plaintiff's title by saying or doing nothing at all, and relying upon plaintiff's failure to show a title in himself, in one of the four ways I have charged you. Then the defendant defeats the plaintiff's title. Or the defendant may show a better title in himself, or in some one else, for, as I charged you, it is sufficient for the defendant to show title in any one else than the plaintiff, to defeat the title which is claimed by the plaintiff, for the plaintiff must recover upon the strength of his own title and not the weakness of his adversary's title. Or the defendant, in order to establish title, may

show 10 years' adverse possession in himself; he may show
that he has been in actual, open, notorious possession of
the land for 10 years, and the law says that when he has
shown that, unless there are minors or insane people in-
volved, that the law will ripen his possession into a title;
that 10 years' actual, exclusive, hostile, open, and continu-
ous possession of a tract of land will ripen, by such adverse
holding, into a title.  Or he may show that he and those
under · whom he claims have been in possession of that
land, in the way in which I have told you already, for 20
years, and that such possession presumes a grant, and there-
fore defeats plaintiff's title, even though his title may be a
good and perfect paper title; if the defendant can show that
he and those under whom he claims have been in possession,
such as I have explained, for 20 years, claiming the property
as his own, then the law would presume a conveyance was
made to him, and it is an irrebuttable presumption.  Then
he may defeat the plaintiff's title by showing that the plain-
tiff himself has not been in possession for 10 years next
before the beginning of this action; for, gentlemen, the
law makes possession a very strong factor in the question
of title to real estate, and it says that if a man stays out
of possession for 10 years, asserts no claim to a piece of
property, does not occupy it by himself or tenants, and lets
that situation remain for 10 years, the law says that it is
too late for him to come in, that he is barred by the statute
of limitations, and having slept on his rights for as long
as 10 years, he cannot come in afterwards and assert his
rights.

   Now, what is possession of land?  I charge you that,
under the law, if one shows paper title—a deed or will or
legal paper title of any kind, to land—then the law pre-
sumes that he was in possession of that land, and that his
title gives him the possession; that is, the possession follows
the title.  Perhaps I had better read you what the statute
says on that question.  Now, pay attention to this, because

this is the act of the Legislature, and is the law that governs us all: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for 10 years before the commencement of such action." Code Civ. Proc. 1912, § 126.

In other words, gentlemen, the law presumes, where a man shows title, he need not be on the land, he need not be in 10 miles of the land, if he shows perfect legal title, then the law says the possession follows the title, and he is deemed to be in possession if he show a good legal title to the land, although he may never have seen the land; and that presumption holds unless, and until, some one else goes on the land and occupies and holds it adversely to that right for 10 consecutive years.

So I say, the establishment of a perfect legal title to a tract of land is a presumption that the person is in possession, unless and until some one else, by the preponderance of the testimony, shows that he has been in actual adverse possession of that land for 10 consecutive years.

"Adverse possession" means such possession as evidences or shows to the jury the right of the claim to the ownership of the land. For, Mr. Foreman, and gentlemen of the jury, you may have a tract of land; you may put it in possession of a tenant, and that tenant may stay for 20 or 30 years or 40 years on that land, and pay you rent, and hold it under you, and such possession as that would never ripen into a title, because the possession must be hostile to your claim, and if one rents land from you, pays rent, or recognizes your ownership of it, and sets up no claim to it, although he may stay on that land for more than the

statutory period of 10 years, for more than 20 or 40 years, still that possession would never ripen into a title, if his possession was permissory, allowed by you, or if he was renting from you or acknowledged in any way your title to that land.    In order to constitute an adverse possession, then there must be a hostile holding, a holding claiming it as his own, a claiming that he has a right to hold it against the world.    And that possession must be continuous—not a possession now and a possession some other time, and then some other time—not a sporadic possession, but the continuous possession for 10 years in order to ripen such a possession into a title.

Now, I charge you that if one is in possession of a part of a tract of land, under what is in law called a color of title, that is, under a deed, or under a will, or under a decree of the Court, or even holding it under a plat and survey, or having marked it out and fenced it, or something of that kind, if he is in possession of a small part of that land, that is, if he claims he holds under a color of title, his title may not be good, his deed may be defective, he may not have perfect legal title, still, if he holds under color of title and occupies a small part, a mere little corner of the land, that occupation would extend to the limits of his claim under his deed or plat, or deed or will under which he may hold. So a possession under color of title extends the possession to the limits of the claim under which one holds, if he holds under a color of title.

It is evident, gentlemen, that a man cannot occupy all of a tract of land at one time.    It is frequently and most commonly the case that in farm lands, for instance, that a man cannot occupy or actually possess a whole tract of a hundred acres.    Part of it may be in woods, part of it may be in streams, part of it may be uncultivated and uncultivatable. Now, if he holds any part of that land under a color of title, such as I have tried to explain to you—under a deed or under a will or under a decree of the Court or under a

plat—then the law extends the part that he is in actual possession of to the boundaries of his deed or will or plat. That is holding land under color of title, and his holding would be not merely the part that he had in cultivation, but would be all the land that was covered by the color of title under which he claims. Frequently it may happen that a man may have a piece of woodland that is not cultivated at all: if he holds that woodland under a title, under a deed or under a will, or under a plat, why, that would be holding under color of title, and the possession would extend to the boundaries of that color of title, whatever it might be— a deed or plat or will, or what not.

But where a man holds land not under a written instrument, not under a color of title, then his holding is confined to what he actually has in possession, what he has actually under use or cultivation, and a man may acquire title without any paper or decree of Court or will or deed or plat of any kind, but he only acquires in that case such as he has actually brought under his control, possession, and actual occupation. So where one holds land not under color of title, his possession is confined to such land as he has cleared up, or cultivated, in the usual manner, or improved, or has been protected by a substantial enclosure; in the words of the statute, where it has been protected by a substantial enclosure, or has been usually cultivated or improved.

Now, the statute provides what kind of holding is necessary under a color of title to perfect title, and what kind of holding is necessary where there is no color of title, where a man has no deed or will or plat of the land, and I am going to charge you from the words of the statute:

"For the purpose of constituting an adverse possession, by any person claiming a title founded upon a written instrument or a judgment or decree, land shall be deemed to have been possessed and occupied in the following cases:

"1. Where it has been usually cultivated or improved.

"2. Where it has been protected by a substantial inclosure.

"3. Where, although not inclosed, it has been used for the supply of fuel or of fencing timber, for the purposes of husbandry, or the ordinary use of the occupant.

"4. Where a known farm or a single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated." Code Civ. Proc. 1912; § 128.

"Where it shall appear that there has been an actual continued occupation of premises, under a claim of title, exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely." Section 129.

"For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument or a judgment or decree, land shall be deemed to have been possessed in the following cases only:

"1. Where it has been protected by a substantial inclosure.

"2. Where it has been usually cultivated or improved." Section 130.

So, gentlemen, where one claims to hold land, or to have title to land, by adverse possession, it depends on whether he has a color of title, some written instrument under which he claims, or whether he claims just independently of any written instrument, as to what the character of his possession would be. If he claims under color of title, it is much broader, and I have read to you what is necessary to show adverse possession under color of title. If he claims without claiming under color of title, then he can only hold such part of the land as has been protected by a substantial en-

closure, or such part of the land as has been usually culti-vated or improved, in the usual way that such lands of that particular character are used in the community in which that land may lie.

Now, gentlemen, I think that covers practically all the law of this case, as I see it. You are bound to take the law from me as I give it to you. Right or wrong, you cannot correct me on the law. There is another tribunal that can do that, but you cannot do it. But you must find the facts in the particular case for yourselves, uninfluenced by anything I may have said, and then, after you have found the facts from the evidence, you will apply those facts to the law as I have tried to give it to you, and arrive at your conclusion.

Now, gentlemen, both sides have asked me to charge you certain propositions of law, most of which I charge you. The defendant requests me to charge:

"1. That before the plaintiff can recover in this action, he must prove that the defendant was in the actual posses-sion of the land at the time the action was commenced, and unless he has so proved it, then the jury must find for the defendant."

I so charge you; yes, because you cannot bring a suit against a man and obtain a judgment against him when you have shown no cause of action against him, and if it has been shown that the defendant was not in the actual pos-session of the land at the time the action was commenced, then of course you cannot give any verdict against him, because he has done nothing wrong, nothing for which you can give a verdict.

The second request on behalf of the defendant I decline to charge.

The third request I charge you:

"3. That the plaintiff in this action having alleged that he was seized in fee of the land in dispute, and the defend-ant having denied it, the plaintiff cannot recover on proof of prior possession only, either in himself, or those under

whom he claims, unless he proves" good title in himself, or "adverse possession in himself, for 10 consecutive years, or 20 years' continuous adverse possession of some one under whom he claims."

I have inserted here in this request the words, "good title in himself," which I have added as one of the things he may show. He may show good title in himself or adverse possession in himself for 10 years, or 20 years' possession in himself or those under whom he claims. He need not show them all. Any one of them would be sufficient.

The fourth request I have to some extent changed, and the changes I have noted here will be apparent from the pencil notes:

"4. That the plaintiff in this action cannot tack his term of possession to that of his grantors, so as to make up the statutory period of adverse possession, but must show," in order to sustain a title under adverse possession, "10 years' continuous possession in himself, adverse to all the world, or such possession of those under whom he claims, as to presume a grant from the state, which takes 20 years," or show that he himself has held same adversely for 10 years.

I think that merely adds to this request the different ways in which a plaintiff may establish title in himself, and I have already charged you that in my general charge.

"5. That the plaintiff in this action, in order to recover, must trace his title back to a grant from the state, or prove that some one under whom he claims had such length of possession as would presume a grant, or prove that both he and the defendant claim from a common source of title," or show that he himself has held same adversely for 10 years.

I have already charged you that, and I so charge you. I have charged you that he must either show a grant from the state, or trace title back to a grant from the state, or

he must show a common source, and trace his holding back to a common source, or he must show 20 years' possession, in the manner in which I have charged you such as would presume a grant, or he must show 10 years' possession in himself. I have already charged you that, and I so charge you again as it is stated in the request to charge.

"6. That although the jury may be satisfied from the testimony that both the plaintiff and defendant claim from a common source of title, viz. W. G. Haithcock, Sr., or Mrs. Mary Haithcock, nevertheless if the jury find from the testimony that Mrs. Mary Haithcock put the defendant, W. G. Haithcock, Jr., in possession of said land in 1877 or 1879, or any time prior to her death, or at any time prior to 1890, and gave it to him, and that defendant entered into possession of it, farmed on it, made improvements on it, such as building houses, clearing and cultivating the land, and has remained in possession of it ever since, claiming it adversely to Mary Haithcock, and all the world, then he is entitled to hold said land, and the jury must find a verdict for the defendant."

Gentlemen, I charge you that. I have already charged you that, that if the defendant has satisfied you by the greater weight or preponderance of the testimony—because the burden is on him to establish that—that he was put in possession of this land, and that he has held it continuously ever since, and has improved it and occupied it or cultivated it, and has remained in possession of it ever since 1890, then, of course, under the law I have charged you, he has made out his title to the land, and is entitled to recover.

"7. That although both parties claim from a common source, nevertheless if the defendant has shown a better title from another source, he would be entitled to recover."

Yes, I charge you that as good law, because the defendant can defeat the claim of a plaintiff at any time if he shows title either in himself or in some one else, because the plain-

tiff must recover on the strength of his own title, and not on the weakness of his adversary's title, and if the plaintiff in a case fails to show title in himself, it makes no difference to this jury or any one else who has the title; if he hasn't got it and has failed to show he has got it, he is not entitled to recover.

"8. That if the jury find from the testimony that the parties both claim from Mary Haithcock, by reason of the fact that W. G. Haithcock claims to have inherited the land in dispute from her, nevertheless if the jury find from the testimony that before her death she had given said land to W. G. Haithcock, Jr., and that relying on said gift he had entered upon said land, built houses on it, and claimed and used it as his own up to the time of Mary Haithcock's death, then the defendant would have a superior title to that of the plaintiff, and the jury must find a verdict for the defendant."

Gentlemen, I charge you that the law in that is correct, and it is just what I have charged you all along that if the defendant shows you he has title under Mrs. Haithcock, and that he went into possession and did such acts as were necessary to ripen his possession into title, for the length of time necessary, as I have charged you, he would have a title. I have already charged you that, in effect, in my general charge.

. I charge you further:

"9. That the plaintiff in this action must recover, if at all, on the strength of his own title, and not on the weakness of his adversary, even though the jury find that they both claim from a common source of title."

I charge you that, I have charged you that already; that the plaintiff, in order to recover, must establish his title in the first instance, and must not depend on the weakness of his adversary's title.

I charge you further:

"10. That proof of a deed to land does not prove title, without proof that the parties under whom the plaintiff claims had a title to the land, which they could convey to the parties claiming under them."

Yes, I charge you that as law; that proof of a deed to land does not prove title, without or unless there is proof that the parties under whom the plaintiff claims had title to the land. In other words, Mr. Foreman and gentlemen, if a man gives you a paper title, that does not establish title in you unless the man who gave you title had title that he could convey. That is what that means.

"11. In trial of titles to land where both parties claim from a common source, one claiming to recover the land must connect himself with the common source by valid conveyances."

I have charged you that already. That means that where they claim from a common source, the one claiming now to own it must show he has the title from that common source.

I charge you:

"11. (a) If a person is in possession of land and does such acts upon it as indicates that he is claiming it as his own, and his possession is open, notorious, and adverse, and the acts that he does are sufficient to put other people upon notice that such is the case, then they are bound by his possession, and he would have a good title. If he holds it openly, notoriously, and adversely, and does such acts upon it as would put other people upon notice that he was claiming it as his own, that would be sufficient and would give him title to the land, if he held it for a period of 10 years, if it was the 10-year period, or for 20 years, if it was the 20-year period."

I have already charged you that, gentlemen. I have charged you that if one went into possession of land, and claimed it openly, notoriously, and adversely for a period of ten years, that such a holding adversely would give him

title to the land, that is, to the part of the land that was actually held by him, if not under color of title, as I have explained to you in a former part of my charge, or to the boundaries of his color of title, if he held under color of title, as I have explained to you.

"12. That if the jury find from the testimony that the defendant was not in the actual possession of the land in dispute, the 37 acres sued for, but that it had been willed to Victoria Bowen"—

It strikes me that that is very much a charge on the facts. I will not charge you this request in these words, because it trenches on the facts, and I have already charged you the principles of law involved in this request heretofore. The principle of law is correct, but this particular charge is, in my view, a charge on the facts in the particular case, which I am not allowed to charge you. I have practically, though, charged that same proposition in my own words.

That same objection is open to the thirteenth and the fourteenth requests to charge. I have practically covered the law as contained in those two requests, but I cannot charge it to you in these words, though I have already practically charged you that.

"15. That even if the jury should find from the testimony that the defendant paid rent to his father during his lifetime, and held the 37 acres as a tenant of his father up to the time of his father's death in 1897, the possession of the tenant could only be deemed the possession of the landlord for 10 years after the termination of the tenancy, and the presumption could not stand any longer than 10 years after the death of his father, and if defendant held the land 10 years after that time, claiming it as his own, and using it adversely, then his title would be good, and the jury would have to find for the defendant."

I have already charged you that, gentlemen. I have charged you, in effect, that if the defendant held this land

under his father or his grandmother, and paid rent for it, that that would not begin his adverse possession. His adverse possession would only begin from the time he threw off that claim or that contention, or stopped paying that rent, and began to hold it adversely himself. I charge you, however, that if the jury find from the testimony that he held this land as executor of his father's estate, then that kind of holding would not be such adverse holding as would ripen into a title in himself; because, Mr. Foreman and gentlemen, that must be apparent to any one, that if one holds land for another, he cannot set up adverse possession, claiming he has held it for that length of time himself, because his holding has not been adverse; it has been permissory, under that state of facts.

"15. (a) That in order to acquire title by adverse possession, it is not necessary to actually occupy the land, cultivate it, or live on it, where the property is so situated as not to permit of any permanent improvement or cultivation; but where acts of ownership have been done upon lands, which from their nature, indicate a continuous claim of property, and are continued long enough. such acts are evidence for the consideration of the jury."

I charge you that. I have already charged you that. I have charged you what constitutes possession, either under a claim of color of title, or under a claim not a claim of color of title and it is practically recharging you the principles I have already charged you.

Now, the sixteenth request, I will amend that when I have read it:

"16. That after a man has lived on a piece of land, claiming it as his own, cultivating it, clearing portions of it, using portions of it for pasture and timber, and getting out wood and straw, etc., and using the land as such land is ordinarily used in the country, there arises in such case, after the lapse of 20 years, a conclusive presumption of a grant from the State to the person so occupying the land, and

of itself vests the person so occupying the land with the title.".

I charge you that that is good law, but I charge you that if one holding land in that way holds it not under a color of title, why, then, he can only hold such parts as have been protected by a substantial inclosure, or where it has been usually cultivated or improved, or has been used in such way as ordinarily men owning unimproved land use that land in the community. In other words, one claiming under color of title, then possession of a part extends the possession to the boundary of his claim. If one claims not under a color of title, then one, if he holds it for 10 years, can hold only such part as he actually occupies or has fenced or inclosed, or which has been usually cultivated or improved.

The seventeenth request to charge I do not charge, because, in my view, it is on the facts.

I charge you the eighteenth request:

"18. That inaction by tenants in common or any others claiming land, for 20 years, in the face of notorious and exclusive possession, with the use and exercise of authority incident to exclusive and adverse ownership, is sufficient to rebut the presumption that possession is in subordination to the legal title, and to establish the presumption of a grant or deed, and almost any other presumption necessary to the protection of the possession."

I have already charged you that, gentlemen. I have charged you that if a person goes out of possession of land, and does not use it in any way at all, inaction on the part of tenants in common, even, and any one goes into possession and claims it and uses it and exercises acts of ownership such as I have charged you are necessary to constitute possession, for a period of 20 years, then the law will presume he has a right to be there, and to use it as he is using it, and will presume he has a grant or deed, or any other

presumption that is necessary to ripen his claim into a good title.

The nineteenth request I decline to charge.

Now, gentlemen, those are the requests on the part of the defendant. They are long, and they are practically, in every regard in which I have charged them to you, just what I had already charged you in my general charge, but under the law as it is administered, attorneys representing a particular side of a case have a right to prefer certain requests to charge, and if they contain good law, it is the duty of the Judge to charge them, even though he may have already charged the same principles in his general charge.

Now, the plaintiff in this case has submitted a few requests—not as long as the others—most of which I charge:

I charge you the first request, as I have amended it in pencil:

"1. I charge you, as a matter of law, that if you find from the testimony that W. G. Haithcock, Jr., is the executor of the will of his father, that he could not hold any land devised under said will adversely as against the devisees of said will, but that he would hold the same as executor or representative of his father's estate," and I add, unless he held, or claimed to hold, same before he became such executor, under an independent claim.

I charge you that, of course; that if an executor goes into possession of land of the party who has by will made him an executor, and holds that land as executor, he might hold it for a hundred years, and that would not give him title to it, and any holding that he might have exercised under a will would never ripen into a title; but if he was already in possession, and claimed a part of the land which was willed, and he merely continued that possession, and held same on under possession which he had before he became executor, he could hold it in that way, and if in that way he held it for the 10 or 20 years as I have already charged you on, it would give him good title.

I charge you that:

"2. Adverse possession, as applied to real estate, is an actual, visible, and exclusive" holding "of land commenced and continued under a claim of right, with the intent to assert such claim against the true owner and accompanied by such an invasion of the rights of the opposite party as to give him a cause of action."

I charge you that. I have already charged you that, in my own words; that adverse possession of real estate is an actual, hostile, exclusive, open, and notorious holding of land, claiming it as his own. That is what is meant by adverse possession. And if such holding is had for as much as 10 years in a man, then that ripens into a title by adverse possession.

I decline to charge you the third request, because, while it is good law, in a certain aspect of the case, I think it is misleading as to what is the issue in this particular case.

The fourth request of the plaintiff I charge:

"4. Before one can succeed in holding lands under claim of adverse possession, he must prove that he has been in possession for 10 consecutive years, claiming it openly, notoriously, and adversely," and continuously. "He cannot succeed in such claim by living on another tract and cultivating for a few years a small patch on the tract he claims, or by going on such tract and sometimes cutting wood or timber, and hauling it off for use on the tract on which he lives, but he must show that he has been doing that for ten consecutive years."

Yes, I have already charged you, in effect, that same proposition; that to hold land by adverse possession one must go on the land and hold it openly and notoriously, adversely, hostile to every one else, claiming it as his own, and that such holding must be a continuous holding, as I have read to you from the statute—adverse possession either under claim or color of title, or not under color of title, as I

have explained to you.  I have already charged you, in effect, that proposition of law.

"5. Permissive possession cannot avail against the paper title."

That is true.  No possession, however long it may be, will ripen into title if it is permissive.  If you go into a man's store or house, and occupy it for 50 years, with his permission, it would not give you any title.  Your occupation must be hostile to his right, to his claim, and it must be a continuous occupation, claiming it as your own, to give you title by adverse possession, and not claiming under the party who has the legal title.

"6. Whenever a person comes into Court and shows that he has the legal title"—I leave out the words there, "or has had it, * * * the law presumes that he is in possession, or that if any one else is in possession, the law presumes that he is there by permission of the owner, the person who owns the legal title to the land.  The person in possession claims as a subordinate, but that presumption may be rebutted by the evidence of adverse possession for 10 years in some other person."

I have already charged you that, and I have read you the statute.  I have charged you that where one shows a good legal title he need not be on the land; that the possession follows the title; and that his mere holding a good legal title to the land gives him title to it, unless some one else has been in the actual occupation of it, and continues that occupation for 10 years, adversely against him, as I have charged you the law of adverse possession.

"7. Failure to pay taxes upon land is" some "evidence that no claim was made to the land."

I charge you that.  I have inserted in this request the word "some."

Mr. C. T. Graydon:  I want to ask your Honor to charge the jury this:  That a gift by word of mouth is not a color of title.

The Court: I charge you that, gentlemen. A gift by word of mouth is not a color of title. A color of title means a paper showing what you claim by it—a deed to the land, or a will, or a plat, showing the bounds of your claim, or a decree of the Court, establishing by description the land which is claimed. That is what is meant by color of title. I have already charged you fully as to the difference between possession under color of title and possession not under color of title.

Mr. W. N. Graydon: Just one matter I want to call your attention to—I am satisfied you overlooked it. In stating that when a party proves his title it will be presumed that he is in possession, of course, that means if he proves perfect title; it don't mean simply that if he produces a deed or a paper calling for the land, but it means when he establishes perfect title, the law will presume that.

The Court: Oh, yes, undoubtedly that. I have told you that a man may prove title in four ways—by tracing title back to the state, or to a common source, or showing 10 years' actual possession by himself adverse to the world, or showing 20 years' possession in himself or those under whom he claims, which presumes a grant. Now, if he has shown that kind of title, then the possession is presumed to have been in the man who shows title in either one of those four ways.

Mr. W. N. Graydon: You charge them as to what land would be presumed to be occupied in the case where they claim by adverse possession. I want your Honor to explain to them that where a man claims under a presumption of a grant, then whatever is included in the grant; that those rules there do not apply because those only apply to where he is claiming by adverse possession; but if a man gets a grant from the state he is entitled to hold all that grant covers, and it doesn't make any difference whether he occupies any of it or not, because that doesn't come under the head of adverse possession. Where he is undertaking

to prove adverse possession, your Honor has told them
what is necessary.   But suppose that a man comes into
Court and produces a grant from the state covering a cer-
tain area of land.   That is conclusive title, and it don't
make any difference whether he occupies any of it or not;
he is entitled to recover.   We claim the presumption of a
grant, which your Honor has charged the jury is conclusive,
if they find he has been living there all these years.   That
being the case, if they find he is entitled to hold this land
under a grant, it covers everything he was claiming under
that grant.   Your Honor sees those statutes only apply to
the question of adverse possession; it does not affect the
grant from the state.   Your Honor's charge might mislead
the jury on that to suppose that it was necessary, if we
claim a grant, that we have got to show actual occupancy
of it.   I do not so understand the law, and I do not so
understand that statute, which covers only adverse posses-
sion.

The Court:   It strikes me that I had better leave that
like it is, without going any further.   That looks to me,
Mr. Graydon, like lifting up yourself by the straps of
your boots.   Your contention seems to be that if you show
20 years' adverse possession, that that presumes a grant;
that 20 years' adverse possession in you or those under
whom you claim presumes a grant from the state.   That
is true, but that being based on a presumption, I do not
think the law goes to the extent which you urge.   I think
I will leave the charge on presumption as I have given it
to the jury.   I have charged them this:   That if one goes
into possession of land and occupies it for 20 years, either
by himself or under those under whom he claims, such
possession would presume that the land was granted here-
tofore by the state.

Now, gentlemen of the jury, I think you have got about
enough law on this case.   As to whether you understand
it or not, I am unable to say.   I realize that it is very

difficult to charge you the abstract principles of law without trenching on the facts, which, under the Constitution, I cannot do and make it very intelligible to you; but, after all, if you will consider, it is not such a difficult matter.

You must now take this case and come to a conclusion as to what the facts are. On the facts I can be of no aid to you. I cannot charge you on them. You must find what the facts of the case are, independently, for yourselves, and not be swayed or governed or influenced in any way by what I have said in your finding as to what the facts of this case are. I have no right to express any opinion on the facts. They are entirely for you. Now, find what are the facts of the case; then apply the facts as you find them to be, to the principles of law as I have given them to you, and arrive at your conclusion.

If you find that the plaintiff is entitled to recover, your verdict should be: We find for the plaintiff the possession of the land in dispute, and you may add so many dollars damages. As to what damages may be given, if any, if you should find for the plaintiff, it is not necessary for them to prove in figures any actual amount; you assess the damages, if any, from taking into consideration the facts in the particular case.

If you find the plaintiff has failed to make out his case by the preponderance of the testimony, or if you find that the defendant has, by the greater weight or preponderance of the testimony, established his affirmative defense of adverse possession, or the statute of limitations, or the presumption of a grant, then, of course, you would say: We find for the defendant. So your verdict will be: We find for the plaintiff the land in dispute and so many dollars damages, if you find damages. Or: We find for the defendant. One of those two forms. Write your verdict, Mr. Foreman, on the back of the amended complaint.

Now, gentlemen (addressing counsel), I don't know whether this is the original complaint or not.

Mr. C. T. Graydon: No, sir; that is not the original. I think it has been misplaced.

The Court: Then, gentlemen of the jury, use this as a copy. I am going to give you the complaint on the part of the plaintiff, and the answer on the part of the defendant. You are entitled to any plats or exhibits that have been put in evidence, if you desire them. I will not give them to you unless you ask for them, but if you want any of them, let me know, and you are entitled to them.

Let your verdict be: We find for the plaintiff the land in dispute, and so much damages, if you find any damages. Or, if you find for the defendant: We find for the defendant.

Write your verdict on the back of the paper that is called the complaint, and sign your name, Mr. Foreman, and after it, write the word Foreman.

In the requests to charge, as read by the presiding Judge, the original requests appear in the charge of the Judge in quotation marks, and the interlineations of the presiding Judge are not included in the quotation marks. The requests which were not charged by the presiding Judge, as indicated in the charge, are as follows:

DEFENDANT'S REQUESTS TO CHARGE NOT CHARGED BY
THE PRESIDING JUDGE

"2. That unless the jury find from the testimony that the defendant took possession of said tract of land at the time of the going into effect of the will of W. G. Haithcock, Sr., and remained in possession of it up to the time this action was commenced, then the plaintiff could not recover, and the jury must find for the defendant."

"12. That if the jury find from the testimony that the defendant was not in the actual possession of the land in dispute, the 37 acres sued for, that it had been willed to Victoria Bowen, and her father had put her into possession of it, and that her heirs were in possession of it at her death,

and remained in possession of it until they conveyed it to the plaintiff, and that defendant has never been in possession of it since the death of Mrs. Bowen, then the jury must find a verdict for the defendant.

"13. If, on the contrary, the defendant entered into possession of said 37 acres of land either before or after the death of his father, and is still in possession of it, claiming it as his own property, and holding and using it adversely, openly, and notoriously against Mrs. Bowen and her heirs, and against all the world, for 10 years or more, then the jury must find a verdict for the defendant.

"14. That if the jury find from the testimony that the grandmother of defendant made him a parol gift of the 37-acre tract of land, and the defendant built a house upon it, used it as his own property, until his mother's death, and continued to hold it, adversely after his mother's death, then her heirs could not have taken it away from him, and neither could his father have taken it away from him, by making a will giving it, or any part of it, to any one else."

"17. That if the jury find from the testimony in this case that the defendant entered upon the tract of land belonging to his grandmother, in 1878, and that he claimed and used it as above indicated, then I charge you that the law conclusively presumes that he got a grant from the state, and although you may not believe that he got a grant, or even know that he did not get one, nevertheless it is your duty to so find, and render a verdict for the defendant."

"19. That the undisputed testimony in this case is that the defendant entered upon a tract of land belonging to his grandmother, in the year 1878, and that he is still living there, after the lapse of more than 40 years. This being the undisputed testimony, I charge you that there is a conclusive presumption of law that he got a grant or a deed from his grandmother, and the law will presume, after such lapse of time, anything necessary to quiet his

title, and the Court therefore directs you to return a verdict for the defendant."

### PLAINTIFF'S REQUEST TO CHARGE NOT CHARGED BY PRESIDING JUDGE

"3. The usual test of entry and possession are actual occupation and residence, cultivation, and improvement of the land. The same rule will not apply equally to cultivated lands, town property and wild lands."

Judgment was duly entered on the verdict of the jury, and within the time allowed defendant gave notice of his intention to appeal, and within the time, extended by counsel, filed this case and exceptions.

*Messrs. Graydon & Graydon,* for appellant, cite: *Plaintiff proved no possession in himself or in defendant which 's fatal:* 37 S. C., 575. *Presumptions arising from lapse of twenty years:* 18 S. C., 428; 86 S. C., 285; 3 Strob., 501. *Under general denial defendant may show adverse possession:* 59 S. C., 440; 78 S. C., 148; 5 Rich., 541.

*Mr. C. T. Graydon,* for respondent. Oral argument.

January 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for recovery of real estate. The complaint alleges that the plaintiff had title to 37 acres of land. The defendant set up three defenses: First, a general denial; second, adverse possession for 35 years and statute of limitations for 10, 20, and 30 years; also alleged that he had been in the sole and exclusive possession of the land for more than 20 years prior to the commencement of the action.

The cause was tried before Judge McIver and a jury. A motion for nonsuit was made by the defendant at the close of plaintiff's testimony, which was refused. At the

close of all the testimony a motion was made for a directed verdict by defendant, which was refused.

The case resulted in a verdict for plaintiff, and defendant appealed, after entry of judgment, and by 17 exceptions alleges error. The fifteenth exception was abandoned.

The exceptions relied on allege error in the charge of his Honor as to adverse possession, and no presumption of grant except as to the four ways provided for by statute, and refusal to charge the defendant's requests as asked for. We see no error as complained of. His Honor charged the law applicable to the case, clearly and correctly (let the charge be reported), and committed no error in refusing a motion for nonsuit or directed verdict as asked for. The jury found for the plaintiff, and there is ample evidence to sustain their findings.

All exceptions are overruled, and judgment affirmed.