Earle, J.
The claim of the plaintiff to recover in these actions, depends on principles which I had supposed to be well settled. There can be no doubt that an actual possession of twenty years, will authorize a jury to presume a grant, or in some cases a conveyance, (a) But the precise point which arises here, does not seem to have been made before. The plaintiff produces a plat made at his instance, by a public surveyor, in 1797. This is not a survey of a single entire tract, but of seven contiguous tracts, the intermediate boundaries of which are as distinctly marked out as they could have been in a separate survey of each, with a statement in the margin, that the different tracts have, in fact, been granted to different persons. Whether such a survey, with an actual possession on one only, for twenty years, would authorize the presumption of a grant to the plaintiff of all the land contained within the seven tracts, may well be doubted. But such a presumption cannot arise in direct opposition to the proof; the plaintiff cannot set up a grant to himself, to the whole of the lands contained in the survey, from a possession beginning in 1797, when he produces an original grant to another, for part of the lands, in 1735. Presumption, in aid of title, where there has been a long possession, stands in the place of proof; but it cannot supercede or overthrow it. And when the plaintiff has produced a grant to John Alston, to Daniel Dwight, and to Andrew Broughton, he must show that he has acquired their title. An adverse possession would have enabled him to do this; or such a possession, with other proof, as would authorize the presumption of a conveyance. Nothing short of an actual possession would answer either of these *ends. It must have been such a possession as would enable the real owner to sue. It is only upon his forbearance to sue, that the title is barred by the statute, in one case, or that the presumption of a conveyance arises in the other. (b) The possession, therefore, should have been actual, open and notorious ; an occupation of the very soil, the title to which is alleged to be barred, or a conveyance of which is intended to be presumed. A mere entry for the purpose of survey is no such occupation. It might be regarded as a trespass, which would sustain an action; but it is not a continuous pos *296 session, which would confer title. If the plaintiff had actually obtained a deed from John Alston, or from Dwight, or Broughton, such an entry and survey, with the possession at the ferry, might perhaps enable him to give it in evidence without proof, if thirty years old. But surely it would not dispense with the deed altogether.
A constructive possession follows the title, where there is no actual possession. It cannot be allowed to prevail against the title. The plaintiff had no actual possession of the tracts granted to John Alston, Dwight and Broughton, If they had the title, the constructive possession was in them; and if the defendants had produced the grants to them, they must have defeated the plaintiff’s actions. It would seem strange to say, that a plaintiff-may recover on proof, which, if produced by the defendant, would prevent him from recovering. This, it should be borne in mind, is not a case of an entry by force, and of actual eviction. The defendants did not enter upon the plaintiff, who had no such possession as would enable him to maintain trespass quare clausum freqit. Pearson vs. Dansby & Nelson, (2 Hill, 466.)
By the production of the grants to John Alston, Dwight and Broughton, he separated these tracts from the other lands in the survey, both in regard to title and possession. The defendants entered upon them as wild uncultivated lands, and were in possession. Since the case of Faysoux vs. Prather, (1 N. & M’C., 296,) it is well settled that a defendant in trespass to try titles, may defeat the plaintiff by showing title in a stranger. And it would be a total alteration of the law to say, that in such case a plaintiff may sustain an action by showing a better title than the defendant. He who has actual possession, not obtained by a tortious eviction, is to be regarded as the owner until a perfect title is proved. Whether the possession of the defendants was otherwise rightful, and under good title, it seems immaterial to inquire, as the plaintiff produced no other evidence of title than the possession of the grants, and a surveyor’s plat, made at his instance. That would as well authorize the presumption of a descent cast, as of a conveyance. It is true, as stated by Mr. Starkie, “A jury may find in all cases, a grant, conveyance or release, or such cogent and legal, though circumstantial, evidence, as is sufficient to convince their minds that a grant or conveyance, essential to transfer, according to the *nature of the property, has been actually executed.” (3 Evid. 1225.) But here there is nothing in fact, to lay the foundation of such a presumption. The law presumes, from a long possession, that what ought to have been done has been done. Arthur vs. Arthur, (2 N. & M’C., 96.)
But there is no proof that John Alston, Dwight or Broughton, ought to have conveyed to the plaintiff; and no circumstance from which an inference can be drawn that they did convey; except the possession of the grants and the survey. And I apprehend, no case can be found, in which a conveyance has been presumed from such facts, where there has been no actual possession of the land claimed to have been conveyed.
A majority of the Court is of opinion that the nonsuit was properly ordered.
Gantt and Richardson, JJ., concurred.
O’Neaix, J.
In these cases, I differ from my brethren who sustain *297 the nonsuits. The plaintiff’s plat, made by Hemmingway, August, ’97, included the land on which the defendants have trespassed. This unquestionably defined the extent of the plaintiff’s claim. ITis possession within it had constructive effect to the extent against every one, except the grants elder than that survey, and lying within it. As against them it would not create the bar of the statute. But the bar of the statute, and mere presumptions in fact, are very different things. His possession within that survey, including grants to other persons, for more than twenty years, and his adduction in evidence of those very grants, were circumstances from which a jury might have found the execution of the intermediate conveyances.
See Binder vs. Bonbon, 9 Rich. 26; McColman vs. Wilkes, 3 Strob. 480. An.
But I do not rest the case upon this view. For the plaintiff’s possession under color of title, was enough to enable him to recover for a trespass committed within its limits by any one who had no title. Indeed, his possession put the defendants to the proof of title. For they entered upon him ; and if he could have maintained trespass quare clausum fregit upon this proof, then it is, I think, equally clear, it was sufficient evidence of title to entitle him to go to the jury for the land and his damages. Possession under Hemmingway’s plat at any point, was constructively a possession of all the land within it; and an entry by the defendants upon any portion of that survey, was a trespass upon the close of the plaintiff, and for this disturbance of his possession, he is entitled to damages, unless the defendants could justify. Bull, N. P., 103; Burn, 291; 2 Saund., 110; 2 J. R., 22; 10 J. R. 338.
This goes upon the legal notion that he who is in the possession of land, is the rightful owner. If this be true in one form of action, it must *be so in all. Reason and propriety dictate that this should be the conclusion of our Courts. He who invades a possession ought to show his right.
I think, therefore, the motion to set aside the nonsuits ought to be granted.

 11 Rich. 425. An.

 Supra, 354. An.