7995

WARREN v. WILSON.

1. REAL PROPERTY.—An action for damages for trespass on land and for possession is not an action *quare clausum fregit.*

2. IBID.—TENANT.—INSTRUCTION that the jury must find for defendant unless they find that the defendant's possession is that of tenant of the former owner was erroneous because the issue of title was raised

by the pleadings and submitted to the jury in another part of the charge.

3. REHEARING refused, and opinion modified.

Before WATTS, J., Colleton, February, 1911. Reversed.

Action by G. L. Warren against P. J Wilson. Plaintiff appeals.

*Messrs. E. F. Warren, George Warren* and *Purifoy Bros.,* for appellant, cite: *As to admission against interest:* 1 Mills Con. R. 296; 3 Strob. L. 367; 93 U. S. 379; 91 N. C. 172; 37 Ill. 525; 116 N. Y. S. 461; 24 Fed. R. 437; 10 N. H. 171; 80 Pac. 105. *As to the form of the action:* 31 U. S. 431; 51 Cal. 559; 15 Cyc. 113; 19 Fla. 652; 50 Me. 139; 29 S. C. 52; 36 S. C. 559; 76 S. C. 313. *Defense of statute of limitations must be pleaded:* Code of Proc. 94; 16 S. C. 378; 22 S. C. 583; 29 S. C. 254; 33 S. C. 303.

*Messrs. Padgett, Lemacks & Moorer* and *Howell & Gruber,* contra. No argument furnished reporter.

The opinion in this case was filed on July 5, but remittitur held up on petition for rehearing until

August 1, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the possession of certain lands, and damages.

As there is a question as to the nature of the action, we reproduce the complaint, which is as follows:

"That heretofore, to wit, on the ........ day of December, 1906, one Georgietta H. Warren departed this life leaving a last will and testament, whereby she devised to the plaintffs above named all of her property, both real and personal.

"That during her lifetime and at the time of her death, she was seized and possessed of all that tract of land, situate, lying, and being in the county of Colleton, State of South Carolina. * * *

"That being so seized and possessed, of the aforesaid tract of land during her lifetime by her tenant, the defendant aforesaid, the defendant upon her death took and held possession in his own right, and ousted the plaintiffs herein, and now holds and occupies the same unlawfully, to plaintiffs' damage three hundred dollars.

"Wherefore, plaintiffs demand judgment against defendant:

1. "For the possession of the above described tract of land.

2. "For three hundred dollars damages sustained by them, by the unlawful ouster of them by said defendant."

The defendant denied each and every allegation of the complaint, except "that he is in possession of the said premises, and has been in actual possession thereof, for more than twenty-five years past, as the exclusive owner thereof."

The jury rendered a verdict in favor of the defendant and the plaintiffs appealed.

The first question that will be considered is, whether the complaint sets forth, what would formerly have been denominated, an action *quare clausum fregit*. Mr. Chief Justice McIver, in the case of *Connor* v. *Johnson*, 59 S. C. 115, 37 S. E. 240, thus points out the difference, between an action *quare clausum fregit,* and an action of trespass to try title: "There is this fundamental difference between these two actions, viz., that in the former, the object being to recover damages for trespass, upon the possession of the land, it is not necessary for the plaintiff, to show title himself, but possession merely; while in the latter, the plaintiff, in order to recover, must show title in himself and must recover upon the strength of his own title, and not upon the weakness of his adversary's title. Accord-

ingly in an action of trespass *quare clausum fregit,* when the plaintiff proves that he is in possession of a given tract of land, and that defendant has trespassed upon it, he is entitled to recover, unless the defendant shows that he has title to the land himself,—not that the title is in some third person, as would be sufficient to protect him, if the action were an action of trespass to try titles, or that he entered upon the land and did the acts complained of as trespasses, by the permission or under a license, from the true owner of the land."

The present action does not merely seek to recover damages, for alleged trespasses on the land, but also possession of the land. It cannot, therefore, be properly denominated an action *quare clausum fregit.*

The next assignment of error, which will be considered, is as follows:

"Because his Honor, the presiding Judge, erred in not allowing the plaintiffs, to introduce in evidence a written title deed, not signed, to the premises, the subject of the action from G. H. Warren to G. L. Warren, dated the 22d day of November, 1904, alleged to have been written by the defendant and proved to have been written by him, by the undisputed testimony in the case."

The following statement appears in the record: "That during the progress of the said trial, and during the cross-examination of the defendant in the case, plaintiffs' attorney offered in evidence, a deed written by P. J. Wilson, in his own handwriting, from G. H. Warren to G. L. Warren, which deed was never executed fully or delivered, purporting to convey from said G. H. Warren to G. L. Warren, the lands which are the subject matter of this action, and that the presiding Judge refused to allow the introduction of said deed in evidence." It thus appears that the defendant, P. J. Wilson, actively participated in a transaction, which was inconsistent with the theory, that he was the owner of the land, and which, if it had been consummated,

would have estopped him from asserting title to the land, as against G. L. Warren and G. H. Warren. *Chambers* v. *Bookman*, 67 S. C. 432, 46 S. E. 39.

It was in the nature of an admission against his interest, while he was in the possession of the land, and his Honor the presiding Judge erred, in refusing to allow it to be introduced in evidence.

The next question for consideration, is raised by the following exception:

"His Honor, the presiding Judge, was in error in charging the defendant's second request to charge, as follows: 'That the jury must find for the defendant, unless they find that the defendant's possession, is that of tenant of Miss Warren,' the error being, that the jury were thus limited to the consideration of only one question, that of tenancy, whereas, the issue of title, should have been submitted to them, as to whether the plaintiffs or the defendant had the better title, this request being, in effect, a direction of a verdict for the defendant on all issues in the case except, that of tenancy."

By reference to the complaint it will be seen, that it does not allege, that the defendant is now in possession of the land as a tenant, but it does allege, in effect, that having entered as such, during the lifetime of Miss G. H. Warren, he forfeited his rights as a tenant, when "upon her death he took and held possession in his own right, and ousted the plaintiffs herein, and now holds and occupies the same unlawfully."

As the complaint did not allege that the defendant was, at this time, in possession as a tenant, it will readily be seen, that the charge was prejudicial to the rights of the appellants. Furthermore his Honor the Circuit Judge charged the jury, as follows:

"The case, according to my views, resolves itself as to whether or not Wilson went in as a tenant; if he went in as a tenant of Miss Warren, and paid her rent and acknowl-

edged her as his landlord, either put in there by herself or anyone acting for her, and he continued in possession of that land, exercising supervision over it until she died, then plaintiffs are entitled to recover, if he went in, not as her tenant, and occupied the land for twenty years or more, openly, notoriously, continuously and adversely, then your verdict would be for him; if he went in not as a tenant of Miss Warren, and occupied the land for ten years openly, notoriously, continuously and adversely, then your verdict would be for him; if he went in as her tenant and subsequently vacated the land, and terminated his tenancy and moved off somewhere else, and then went in under a paper title from someone else, didn't go in as her tenant, and occupied the land for ten years, openly, notoriously, adversely and continuously claiming it as his own against her and all the world, then your verdict would be for him."

The charge, "that the jury must find for the defendant, unless they find that the defendant's possession, is that of tenant of Miss Warren," rendered unnecessary that the jury should pass upon those facts, which the presiding Judge instructed them, would defeat the plaintiff's right to recover possession of the land in case they found that the defendant was not in possession of the land as tenant. The charge was erroneous, as it was too restrictive of the issues.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.

MR. JUSTICE HYDRICK *did not sit in this case.*

August 1. PER CURIAM. This is a petition for rehearing, one of the grounds being as follows: "Because the Supreme Court overlooked and disregarded a material fact, when it decided that the Circuit Judge, erred in not allowing the plaintiffs to introduce in evidence, a written title deed, not signed, to the premises, the

subject of the action, from G. H. Warren to G. L. Warren, dated the 22d day of November, 1904, alleged to have been written by the defendant."

Prior to the hearing of the case, in the Supreme Court, on the merits, plaintiffs' attorneys made a motion to recommit the case, for the purpose of amending the record in certain particulars, one of which was, by inserting the statement mentioned in the opinion, touching this question. All the proposed amendments were allowed, except that which sought a correction of the record, regarding the refusal to allow the introduction in evidence, of the unsigned deed. The writer of the opinion was under the erroneous impression that it, too, had been allowed. The error cannot, however, have the effect of changing the conclusion announced in the opinion, as there was another assignment of error, which was sustained as to which no material question of law or of fact, was either overlooked or disregarded.

The opinion was not erroneous, in any other respect, than that hereinbefore mentioned.

It is therefore ordered, that the petition be dismissed and that the order heretofore granted staying the remittitur, be revoked.