### 23560

Laurine V. CUMMINGS, Alexina L. Stozier, Philura V. Langford, and Rebecca V. Coleman, Respondents v. W.H. VARN, Jr., Appellant.

(413 S.E. (2d) 829)

Supreme Court

*Doyet A. Early, III* of *Early, Kemp & Ness*, Bamberg, *for appellant.*

*Lee S. Bowers*, Estill, *for respondents.*

Heard Oct. 7, 1991; Decided Jan. 13, 1992.

Reh. Den. Feb. 20, 1992.

HARWELL, Justice:

This is an action of trespass to try title, a suit at law brought to recover real estate in the possession of appellant and claimed to belong in fee to respondents as co-tenants with appellant. The issue is whether respondents proved perfect title to a disputed tract of land and, consequently, met their burden of proof so as to dispossess appellant. We reverse.

## I. FACTS

This case involves a dispute over a fifty acre tract of land lying along the Bamberg-Colleton county line (the disputed tract). Appellant W.H. Varn, Jr. claims title to the land by virtue of a deed to his father, W.H. Varn, conveying 106 acres lying in both Colleton and Bamberg counties (the Johnson Deed). The Johnson Deed was recorded in the Office of the Clerk of Court for Colleton County in 1930 but was not recorded in Bamberg County until 1986. W.H. Varn deeded the Johnson tract to appellant in 1958. The deed to appellant was recorded in Colleton County in 1958, but was not recorded in Bamberg County until 1980. Appellant has grazed cattle and harvested timber on the disputed tract for over 30 years.

Respondents Cummings, Stozier, Langford, and Coleman claim title to the disputed tract as co-tenants with appellant by virtue of a 1915 deed conveying fifty acres from George Neal to W.H. Varn and A.E. Varn d/b/a Varn Bros. Co. (the Neal Deed).[1] The Neal Deed was recorded in the Office of the Clerk of Court for Bamberg County in 1915.

The controversy arose when Bamberg County was mapped in the mid-1970s. Bamberg County officials designated a fifty-acre parcel abutting the Colleton County line as the parcel con-

---

[1] W.H. Varn was the father of appellant and respondents Cummings, Langford, and Coleman; grandfather of respondent Stozier; and brother of A.E. Varn. Respondents claim through inheritance as co-tenants of appellant, who also would possess an interest in the disputed tract by inheritance. We note parenthetically that if the Neal Deed and the Johnson Deed refer to the same tract of land, W.H. Varn conveyed whatever interest he had in the disputed tract to appellant. If, as appellant asserts, W.H. Varn possessed the disputed tract pursuant to the Johnson Deed, he conveyed an undivided interest in the disputed tract to appellant. If, as respondents assert, W.H. Varn possessed the disputed tract pursuant to the Neal Deed, he conveyed only a one-half interest in the disputed tract to appellant. Under these facts, W.H. Varn would

veyed pursuant to the Neal Deed.[2] The Bamberg County tax collector discovered the disputed tract had not been returned[3] for property taxes in Bamberg County since 1915. Bamberg County thereafter assessed property tax against the heirs of W.H. Varn and A.E. Varn as co-tenants for past due taxes for the years 1968-78. Until they received the tax notice, neither appellant nor respondents were aware of the Neal Deed.

Appellant testified that he has paid taxes in Colleton County for the entire 106 acre tract since 1959, and that the 106 acre tract has been returned for taxes in Colleton County since 1915. Appellant testified it was common practice under the return system to pay taxes on a tract of land intersected by the county line in the county where the bulk of the tract was located.

Respondents brought suit in 1990, alleging ownership of the disputed tract and demanding a portion of profits appellant received from cutting timber. The action was bifurcated, and a trial was held on the sole issue of title. The jury found in favor of respondents.

## II. DISCUSSION

There are four ways in which a plaintiff in an action of trespass to try title may acquire title to land sufficient to oust a defendant claiming the same land. First, the plaintiff may show a grant from the state to someone, and then by successive deeds to him. This chain of conveyances is called a perfect legal paper title. *Haithcock v. Haithcock*, 123 S.C. 61, 69, 115 S.E. 727, 729 (1923). Second, the plaintiff may trace his title to a common source from whom both he and the defendant claim through separate chains of title. *Id.* If the plaintiff can show an earlier deed deriving from a common source, he may

---

have retained no interest in the disputed tract which could have passed by inheritance to respondents Coleman, Langford, and Stozier. Thus, only respondent Cummings, claiming solely through A.E. Varn, would have standing to assert a one-half interest in the disputed tract.

[2] Bamberg County tax officials currently acknowledge that two chains of title come into the disputed tract. The conflict may have arisen earlier had the Johnson Deed and the deed of W.H. Varn to appellant properly been recorded in Bamberg County contemporaneously with their recordation in Colleton County.

[3] Prior to 1979, property owners in Bamberg County paid taxes by informing the county auditor what they owned, and then paying taxes on the property. This was called a "return system."

dispossess a defendant in possession. *Brown v. Moore*, 26 S.C. 160, 2 S.E. 9 (1887). Third, a plaintiff may show that he and those under whom he claims have been in actual, hostile, exclusive, and continuous possession of the land adversely to the defendant for twenty years. Once that fact is established, the law presumes whatever is necessary to give the plaintiff good title. *Haithcock*, 123 S.C. at 69, 115 S.E. at 729. Fourth, the plaintiff can show he alone or with those from whom he has inherited have been in actual, hostile, exclusive, and continuous possession of the land adversely to the defendant for ten years. *Id. See also* S.C. Code Ann. § 15-67-210, *et seq.* (1976).

Respondents claim their interest in the disputed tract pursuant to the Neal Deed, which places them within the first category of plaintiffs identified in *Haithcock*. It therefore is incumbent upon them to prove perfect legal paper title before they are entitled to recover ownership against appellant. Appellant argues the respondents did not make out perfect legal paper title to the disputed tract and, therefore, did not meet their burden of proof so as to dispossess him. We agree.

In an action of trespass to try title, a defendant in actual possession, not obtained by a tortious eviction, is regarded as the rightful owner until the plaintiff proves perfect title. *Alston v. McDowall*, 26 S.C.L. (1 McMul.) 444 (1840). It is immaterial to inquire whether the defendant's possession is rightful or under good title. *Id.* The plaintiff "must make out a complete title, and must recover on the strength of that title, and not upon the weakness of the title of his adversary, and there is no *onus* whatever upon the defendant. He may fold his arms, and await the complete title of the plaintiff, in default of which has possession cannot be disturbed." *Brown*, 26 S.C. at 164, 2 S.E. at 11. A mere prima facie showing of paper title by a plaintiff is not enough. *Id.*

It is true that a deed valid and regular on its face is clothed with a presumption of validity. *Davis v. Monteith*, 289 S.C. 176, 345 S.E. (2d) 724 (1986). However, the issue is not whether the Neal Deed is valid; the issue is whether the Neal Deed forms a link in a chain of conveyances establishing perfect legal paper title in respondents so that they may dispossess appellant.

The Neal Deed contains a derivation indicating the land described had belonged to the estate of the grantor's father, Lewis Neal, and that the grantor had purchased the land at a master's sale three years earlier. Probate records for the Lewis Neal estate show no title in Lewis Neal to the fifty acres described in the Neal Deed so that the disputed tract could have passed to George Neal by inheritance. Further, no master's deed of record conveyed the fifty acres described in the Neal Deed to George Neal. No other deed of record conveyed the fifty acres described in the Neal Deed to either George Neal or Lewis Neal. No deed can convey an interest which the grantor does not have in the land described in the deed, even though by its terms the deed may purport to do so. *Griggs v. Griggs*, 199 S.C. 295, 19 S.E. (2d) 477 (1942). The only deed of record purporting to convey the fifty acre tract described in the Neal Deed is the Neal Deed. An isolated conveyance proves no title. *Drayton v. Chandler*, 8 S.C.L. (1 Mill) 184 (1817). We hold that respondents did not meet their burden of proof so as to dispossess appellant.

The dissent argues that our holding calls into question ancient deeds in this State. We reiterate that we are simply adhering to settled law that one must establish legal title before he is allowed to dispossess another in possession of land.

A suit of trespass to try title is an action at law. *Corley v. Looper*, 287 S.C. 618, 340 S.E. (2d) 556 (Ct. App. 1986). The conclusions of fact of the trial court are binding upon this Court unless they are without evidentiary support. *Douglass v. Perry*, 245 S.C. 486, 141 S.E. (2d) 348 (1965). We can find no facts in the record to support the finding of the jury that respondents met their burden of proving perfect legal paper title to the disputed tract. Furthermore, we find respondents' additional sustaining ground regarding adverse possession to be without merit. *See Haithcock, supra.* Accordingly, we reverse.

Reversed.

GREGORY, C.J., and CHANDLER, J., concur.

FINNEY and TOAL, JJ., dissenting in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent.

In 1986 the appellant/defendant ("brother") cut timber on a fifty acre tract of land in Bamberg County. The respondents/plaintiffs ("sisters") sued for an accounting. The sisters claimed that the timber was cut from the Neal tract, in which the sisters claimed to be co-tenants of the brother. The brother answered denying that the Neal tract existed, but admitting that if the Neal tract did exist, the proportions of ownership claimed by the sisters would be correct. In court, the brother claimed that the timber was cut from the Johnson tract. The question of whether the fifty acres was the Neal or Johnson tract was submitted to the jury. The jury found that the fifty acres was the Neal tract, thus returning a verdict for the sisters. This appeal followed.

## FACTS

The "sisters" are the daughters and one granddaughter of W.H. Varn, Sr. The "brother," W.H. Varn, is the son of W.H. Varn, Sr.

W.H. Varn, Sr. died in 1959. The brother was the personal representative of his father's estate. The estate took nearly 20 years to settle. These sisters and the brother were involved in other lawsuits concerning property of the estate. The most recent prior lawsuit was in 1980, and the property which is the subject of this lawsuit was disputed in the 1980 suit. All issues in the 1980 suit were settled with the exception of the subject property. The prior suit was dismissed without prejudice to the issue of ownership of the subject of this lawsuit.

The subject property came to the attention of the sisters and brother when the tax assessor's office of Bamberg wrote Mrs. Marguerite Varn (widow of A.E. Varn) informing her that the taxes on fifty acres deeded to her husband and W.H. Varn d/b/a Varn Brothers had not been paid for ten years. Mrs. Marguerite Varn's attorney then wrote all of the heirs, including the brother concerning the unpaid taxes.

The sisters claim title to fifty acres of land in Bamberg County through their predecessors in interest to a deed from George Neal to A.E. Varn and W.H. Varn d/b/a Varn Brothers, dated 1915, recorded in Book L, Page 460, RMC Office, Bamberg County, on March 15, 1915. The deed purported to deed two tracts of land, fifty acres each. Tract 1 is not in dispute and passed through the estate of W.H. Varn, Sr. The sec-

ond fifty acre tract is the subject of the dispute between sisters and brother.

The brother claims that the subject property is a portion of the tract of land deeded to W. H. Varn in 1930 by Johnson which consisted of 106 acres, recorded in Colleton County RMC Office in Deed Book 59 at 6-A and recorded in Bamberg County on September 5, 1989 in Deed Book WE at page 278. The Johnson tract was deeded to the brother in 1958, filed in the Office of the RMC for Colleton County on December 23, 1958 and recorded on January 5, 1959 in Deed Book GG at page V-3 and 4, subsequently recorded in Bamberg County on August 7, 1980 in Deed Book 40 at page 146.

## ISSUES

The brother presents three questions on appeal.

1. Whether the sisters failed to sustain their burden of proof because the sisters failed to prove the derivation clause in the Neal deed?

2. Whether the trial judge erred in failing to direct a verdict in favor of the brother because sisters failed to establish title?

3. Whether the trial judge erred in failing to admit into evidence testimony from a former lawsuit between these parties?

## LAW/ANALYSIS

1. The brother claims that the defective derivation clause in the sisters' chain of title is fatal to the sisters' claim of the property and the majority agrees. However, this case arises in a different posture than most cases claiming the same real property. Generally, the question is which party has paramount title. The sisters do not claim paramount title to the Johnson tract. The sisters merely claim that the fifty acres in question is the Neal tract. The brother admits in his answer that the sisters have superior title in the Neal tract, but claims that the Neal tract does not exist and that the subject property is a portion of his Johnson tract.[1] Thus, the sisters' burden was to prove the location of the Neal tract and not paramount title.

---

[1] The majority mistakenly views these allegations as creating an action to trespass title on the part of the plaintiffs/sisters. As such, the majority placed upon the sisters the burden of proving perfect legal title. *See, Haithcock v. Haithcock,* 123 S.C. 61, 115 S.E. 727 (1923). I note, however, that if any allegation of paramount title was raised, it was raised by the defendant/brother in

The brother attempted to prove that the Neal tract never existed by attacking the derivation clause in the Neal deed. Derivation clauses were not required in this state until July 1, 1976. S.C. Code Ann. § 30-5-35(a) (1976). Further, the lack of a derivation clause has no effect on the validity of a deed. S.C. Code Ann. § 30-5-35(c). A deed valid on its face is presumed to be valid. *Davis v. Monteith*, 289 S.C. 176, 345 S.E. (2d) 724 (1986). Thus, with the deed presumptively valid, the question remained as to the location of the property. Where the land lies is a question of fact for the jury. *Coats v. Matthews*, 2 Nott. and McCord 99 (1819). I would hold that the Neal deed, valid on its face, is sufficient, and where the land lies is a question for the jury.

2. The brother next asserts that the trial judge erred in refusing to direct a verdict for the brother because the sisters failed to meet their burden of proof. If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion for a directed verdict should have been denied. *Unlimited Services, Inc. v. Macklen Enterprises, Inc.*, — S.C. —, 401 S.E. (2d) 153 (1991).

Neither party disputes that the property is located in Bamberg County. The sisters claimed that the fifty acres known as No. 1462 Bamberg County Tax Maps is the same property as described on the deed from George Neal to W.H. Varn and A. Varn d/b/a Varn Brothers recorded in Bamberg County in 1915 was the Neal tract. The Neal deed described the property as follows:

> Tract No. 2. All that certain, piece, parcel or tract of land situate, lying and being in Fishpond Township, Bamberg County, State aforesaid, measuring and containing Fifty acres, Bounded North by lands of Preston Salley, East by lands of J.G. Kinsey, South by lands of J.B. Kinsey, and West by lands of J.B. Kinsey, on which there are Fourteen

the answer. In my view, an allegation that the plaintiffs had no right to accounting because the defendant possessed paramount title would be an affirmative defense. Thus, the defendant, not the plaintiff, should have the burden of proof. *Hoffman v. County of Greenville*, 242 S.C. 34, 39, 129 S.E. (2d) 757, 760 (1963). When an allegation of paramount title is raised in the answer, the case should be sent to the jury. *See Every v. Hallow*, 265 S.C. 474, 219 S.E. (2d) 909 (1975) (issue of title to real estate can be raised by complaint *or* by *answer* and if it is so raised, it must go to the jury).

acres cleared and under cultivation; Sixteen acres in woods that is good high land that can be cleared and cultivated, and Twenty acres that is low with bays and Ponds. This land belonged to the estate of my father, Louis Neal, and was bought by me at Masters sale about Three Years ago.

The brother claims that the property is a portion of his Johnson tract deeded to W.H. Varn in 1930 and recorded in the Office of the RMC for Colleton County in 1930. Subsequently the Johnson tract was deeded to the brother in 1958 and recorded in Colleton County on January 5, 1959. The brother recorded the 1958 deed in Bamberg County on 1982 and the Johnson deed to W. H. Varn in Bamberg County in 1986. The Johnson deed conveyed 106 acres described as follows:

All our right, title and interest in and to all that tract of land known as the Johnson Place, lying partly within Colleton County and partly within Bamberg County, measuring and containing One Hundred and Six (106) Acres, more or less, and being bounded on the North by lands of M.G. Jones; on the East by the Koger tract now owned by W.H. Varn and formerly owned by G.W. Reeves; on the South by lands of O.H. Kinsey and the estate of John Mitchum, now owned by A.E. Varn, and on the West by lands of O.H. Kinsey.

The tax assessor testified that the parcel in question known as No. 1462 is a fifty acres parcel. The sisters have paid taxes on the property since 1968 with the exception of 1986, when the brother paid the taxes. The brother admits that he paid taxes only in the year 1986 in Bamberg County. The brother testified that he paid taxes on the Johnson tract in Colleton County and none in Bamberg County. Where two valid deeds are placed into evidence and neither party questions the other's superior title in the land described in each deed and both parties put forth testimony as to the location of the property, I would have held this evidence sufficient to create a jury question as to the location of the property.

The brother does not claim the property by adverse possession. Yet, the majority makes much of the brother's testimony that he has possessed the land since shortly after World War II. The record does not support brother's possession adverse to the interests of W.H. Varn, Sr. If the land is the Johnson

tract, then the brother possessed the land individually from the time, shortly before his father's death, when the Johnson tract was deeded to him by his father and later recorded. If, however, this land is the Neal tract, then the brother's possession began as executor of the Senior Mr. Neal's estate in 1959 and continued in that capacity until approximately 1979, when the estate was settled. In 1979, the brother's possession of the Neal tract would have been that of co-tenant of the sisters. The sisters also testified that they visited the land on a regular basis and paid taxes on the property. All of the testimony as to possession simply goes to where each party thought the property was located. The only mention of adverse possession in the record is sisters' claim of adverse possession as an additional sustaining ground.

3. Finally, the brother claims the trial judge erred in not admitting the preserved testimony of a deceased witness who testified in an earlier action between these parties.

Pursuant to SCRCP 33, the sisters requested a list of potential witnesses from the brother. The brother listed only himself as a witness. At trial, brother's attorney attempted to proffer the preserved testimony of the deceased witness and sisters' attorney objected. The sisters' attorney stated on the record as his basis for the objection that the preserved testimony caught him by surprise. The trial judge then specifically asked how the sisters would be prejudiced. Sisters' attorney responded that had he known that the preserved testimony in question would be used by the brother, he would have called rebuttal witnesses.

In deciding whether to admit or exclude evidence or testimony from a witness not included on the list given to the opposing party, the court must consider the reason the new information was not provided earlier, the purpose of the new information, and the prejudice to the opposing party. *Reed v. Clark*, 277 S.C. 310, 286 S.E. (2d) 384 (1982). In my opinion the trial judge applied the standard required under SCRCP 33 and correctly excluded the preserved testimony.

The majority by its opinion today calls into question every ancient deed in this state without a derivation clause. I would affirm.

FINNEY, J., concurs.