2079

Mike C. WATSON, Respondent v. Forrest D. SUGGS, Jr., and Jane Gray W. Suggs, as Trustees, Appellants.

(437 S.E. (2d) 172)

Court of Appeals

*Patrick J. Frawley* and *Jeff M. Anderson,* of *Bouknight, Nicholson, Davis, Frawley & Anderson,* Lexington, *for appellants.*

*E. Pickens Rish,* Lexington, *for respondent.*

Heard Sept. 9, 1993

Decided Oct. 4, 1993. Reh. Nov. 10, 1993.

*Per Curiam:*

This case involves the disputed ownership of a tract of land. Respondent, Watson, sought to prove that he owned the disputed tract of land and the Suggses, through their agent, trespassed and removed timber from this land. The Suggses claimed they owned the land. After the evidence was presented, the Suggses moved for a directed verdict which was denied. The jury found in favor of Watson, and the Suggses moved for a judgment notwithstanding the verdict (JNOV) or in the alternative for a new trial. The trial court denied the motion. We reverse and remand.

The Suggses argue that this case is an action of trespass to try title and therefore, the burden was upon Watson to prove paramount title to the land. They assert that Watson failed to prove paramount title by any of the four methods available to a plaintiff in an action of trespass to try title, and, thus, they were entitled to a JNOV or, in the alternative, a new trial. We agree.

At Trial, the court charged the law of trespass to try title, and noted the boundary line question was "incident to" the action to try title. Watson now claims the case presented no question of competing title, but instead, the sole issue was the location of the boundary between the two properties. However, there was no objection to the charge and the case was presented to the jury on the theory of trespass to try title. Furthermore, a review of Watson's complaint unequivocally establishes that the purpose in bringing this suit was to determine title to the disputed nineteen-acre tract of land. One of the primary purpose of a written complaint is to appraise the opposite party of the nature and extent of the action against him, and only such matters as are clearly alleged in the complain can be considered upon the trial of the case. *McCullough v. The American Workman,* 200 S.C. 84, 20 S.E. (2d) 640 (1942). We find that this action is in the nature of a trespass action to try title.

An action brought for the primary purpose of determine title to a disputed land is in the nature of a trespass action to try title, which is an action at law. *Cummings v. Varn,* 307 S.C. 37, 413 S.E. (2d) 829 (1992); *Corley v. Looper,* 287 S.C. 618, 340 S.E. (2d) 556 (Ct. App. 1986).

In a law case, a jury's verdict may be reversed on appeal when the only reasonable inference to be drawn from the evidence is contrary to the factual findings implicit in the jury's verdict. *Bell v. Harrington Mfg. Co.*, 265 S.C. 468, 219 S.E. (2d) 906 (1975).

In an action of trespass to try title, the defendant in actual possession of the disputed property is regarded as the rightful owner of the property until the plaintiff proves perfect title, and a mere prima facie showing of paper title, and a mere prima facie showing of paper title by the plaintiff is not enough. *Cummings*, 413 S.E. (2d) at 832. In *Cummings*, the Supreme Court restated the methods of establishing paramount title:

> There are four ways in which a plaintiff in an action of trespass to try title may acquire title to land sufficient to oust a defendant claiming the same land. First, the plaintiff may show a grant from the state to someone, and then by successive deeds to him. This chain of conveyances is called perfect legal paper title. *Haithcock v. Haithcock*, 123 S.C. 61, 69, 115 S.E. 727, 729 (1923). Second, the plaintiff may trace his title to a common source from whom both he and the defendant claim through separate chains of title. *Id.* If the plaintiff can show an earlier deed deriving from a common source, he may dispossess a defendant in possession. *Brown v. Moore*, 26 S.C. 160, 2 S.E. 9 (1887). Third, a plaintiff may show that he[,] and those under whom he claims [,] have been in actual, hostile, exclusive, and continuous possession of the land adversely to the defendant for twenty years. Once that fact is established, the law presumes whatever is necessary to give the plaintiff good title. *Haithcock*, 123 S.C. at 69, 115 S.E. at 729. Fourth, the plaintiff can show he alone or with those from whom he has inherited have been in actual, hostile, exclusive, and continuous possession of the land adversely to the defendant for ten years. *Id. See also* S.C. Code Ann § 15-67-210, *et seq.* (1976).

*Id.* at 831. In the instant case, the court charged the first two methods enunciated above. The pertinent portion of the court's charge is as follows:

[T]his is a lawsuit which we call one for trespass to try title. The net result of it is a suit to decide who owns title to certain land in question . . . It is not up to the defendant to prove they own it, but Mr. Watson has to prove that he owns it and that he owns it within the boundary which he has described for you . . . The plaintiff, Mr. Watson, must make out a complete title and must recover on the strength of that title and not upon the weakness of the title of his adversary . . . Now the grantee only receives the title to which the grantor has. If the deed describes property that is not owned by the grantor, the grantee does not get good title . . . So, essentially, ladies and gentlemen of the jury, the question is—has the plaintiff in this case, who is not in possession, proved by perfection [sic] the title in himself, as opposed to that in the defendants in this case?

In order for the jury to have found Watson has title to the tract, there must be evidence in the record that Watson has perfect legal title to the nineteen-acre tract.[1] Viewing the evidence in the light most favorable to Watson, we can find no facts in the record to support the finding of the jury that Watson met his burden of proving perfect legal title to the disputed tract of land. The only reasonable inference from the evidence is that Watson failed to establish paramount title in himself sufficient to allow him to dispossess the Suggses of the property in dispute.

The main thrust of Watson's claim to title of the disputed property was testimony from four long-term residents of the area to their knowledge, gained by word of mouth, as to the purported boundaries of Watson's land. Neither documentation corroborating the testimony nor deeds documenting Watson's chain of title prior to 1946 were put into evidence.

Although the trial judge disagreed with the verdict of the jury, he denied the new trial motion because some evidence contradicted or questioned the Suggses title to the disputed

---

[1] Like Suggses' deed, the description in the Watson deed does not adequately describe the boundaries of the property. The descriptions in the deeds all refer to adjoining landowners to identify the boundaries. The only other descriptions contained in the deeds are the acreage amounts. The deeds do not contain any courses, distances, metes or bounds.

property. This basis for denial of the new trial motion was controlled by an error of law in that the trial judge failed to require Watson's evidence to comport with the standards enunciated in *Cummings*. Accordingly, the judgment of the lower court is reversed, and the case is remanded for a new trial.

Reversed and remanded.