THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Betty L. S. Judy,       
Respondent,
 
 
 

v.

 
 
 
Marion S. Howell and Ronnie L. Elrod, Defendants,
Of Whom Marion S. Howell is,       
Appellant.
 
 
 

Appeal From Dorchester County
Patrick R. Watts, Master in Equity

Unpublished Opinion No. 2004-UP-199
Submitted February 9, 2004  Filed March 
 24, 2004

AFFIRMED

 
 
 
W. Grady Jordan, of Easley, for Appellant. 
Gene W. Dukes, of St. George, for Respondent.
 
 
 

PER CURIAM:  Betty Judy sued Marion Howell 
 and Ronnie Elrod alleging a trespass on her property and seeking an injunction 
 and damages.  Howell appeals the trial courts ruling in Judys favor.  We affirm. 
 [1]   
FACTS
Howell and Judy are owners of adjoining 
 properties fronting Interstate 95 in Dorchester County.  In 1979, Howells husband 
 erected and began leasing a roadside advertising sign near a disputed common 
 boundary between the two properties.  Following a survey of her property in 
 January 1996, Judy discovered Howells sign was located on her property.  Consequently, 
 she brought an action against Howell for trespass and sought an easement across 
 both Howells and Elrods property to reach a portion of her property landlocked 
 by I-95.  The trial court dismissed Judys easement cause of action and granted 
 summary judgment in favor of Howell on the trespass claim based on res judicata, 
 citing a 1993 easement action previously brought by her late husband that was 
 dismissed.  On appeal, this court reversed the dismissal of Judys trespass 
 action, finding the issue did not accrue until the final resolution of the prior 
 1993 claim. [2]   Following a 
 trial on the merits of Judys trespass claim, the master concluded Judy held 
 title to the plot of land where Howell erected the sign and ordered Howell to 
 pay the amount of money Howell earned from the lease since January 1, 1996.  

LAW/ANALYSIS
An action brought to determine title to a disputed 
 parcel of land is a trespass action to try title, which is an action at law.  
 Watson v. Suggs, 313 S.C. 291, 293, 437 S.E.2d 172, 173 (Ct. App. 1993).  
 Accordingly, our scope of review is limited to correction of errors of law, 
 and we will not disturb the master's factual findings that have some evidentiary 
 support.  Townes Assocs. Ltd. v. City of Greenville, 266 S.C. 81, 85, 
 221 S.E.2d 773, 775 (1976).  
 I.                  
 Location of Boundary Line
Howell argues the master erred by determining the advertising sign was located 
 on Judys property without first ruling upon the exact location of the common 
 boundary line between the properties.  We disagree.           
Neither Judy nor Howell asked the master to make a determination on the location 
 of the common boundary line between their properties.  As such, this issue was 
 not properly presented to the lower court and is not preserved for our review.  
 Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 
 (2000) (holding it is well-settled that an issue cannot be raised for the first 
 time on appeal, but must have been raised to and ruled upon by the trial court 
 to be preserved for appellate review.).  
 II.               
 Title to the Plot Where the Sign is Located
Howell argues the master erred in finding that 
 Judy had title to the plot where the sign is located.  We disagree.
As the party bringing the trespass action, Judy 
 carried the burden of proof that she held title to the plot at the time of Howells 
 trespass. Cummings v. Varn, 307 S.C. 37, 41, 413 S.E.2d 829, 831 (1992) 
 (holding in an action of trespass to try title, a defendant in actual possession, 
 not obtained by a tortuous eviction, is regarded as the rightful owner until 
 the plaintiff proves perfect title.).  
Ben Coker, Jr., Judys surveyor, testified he relied 
 upon his own personal measurements made in the field, an old unrecorded plat, 
 and State Highway Department drawings of I-95 to prepare the 1996 plat showing 
 the location of Howells sign on Judys property.  Coker additionally testified 
 that sign, based on our calculations and measurements, is on the property owned 
 by Miss Judy.  In light of the plat description and the surveyors testimony, 
 we find there was evidence from which the master could conclude Judy met her 
 burden of proof to assert title to the plot.  
Howell complains the trial court improperly 
 overruled the objections to Cokers testimony and the admission of the 1996 
 plat because Coker was not a licensed surveyor and therefore was not qualified 
 to testify to the findings recorded on the plat.  While Howells challenges 
 may raise questions about Cokers credibility or the weight to be given Cokers 
 findings, they do not render his testimony and plat inadmissible.  Accordingly, 
 we reject Howells challenges to Coker and his testimony.  Bodiford v. Spanish 
 Oak Farms, 317 S.C. 539, 544-545, 455 S.E.2d 194, 197 (Ct. App. 1995) (holding 
 an appellate court cannot judge the weight or credibility of testimony on appeal 
 in a law case.).  
 III.           Damages
Howell contends the master erred in awarding damages 
 to Judy in an unspecified sum.  We disagree.  
The masters order required Howell to pay Judy 
 a sum equal to all monies Howell received from her lease of the sign from January 
 1, 1996the month in which Judy confirmed the trespass on her property.  Only 
 one party had leased the sign during that period of time.  Thus, the amount 
 is easily determined and is the equivalent of a sum certain as required by Rule 
 58(a)(1), SCRCP.
AFFIRMED.
 HUFF and STILWELL, JJ., and CURETON, 
 A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        See Judy v. Howell, Op. No. 2001-UP-423 (S.C. 
 Ct. App. filed Oct. 8, 2001) (finding the record sub judice failed to 
 support a finding the trespass action was ripe in 1993).