THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINAIn The Supreme Court

 
 
 
 Forest Lawn Company, Appellant,
 v.
 City of Goose Creek, Respondent.
 
 
 

Appeal From Berkeley County
 G. Thomas Cooper, Jr., Circuit Court Judge
Memorandum Opinion No. 2007-MO-036
Heard April 18, 2007  Filed June 11, 2007   
REVERSED AND REMANDED

 
 
 
 J. Jay Hulst, of Williams & Hulst, LLC, of Moncks Corner, for Appellant.
 John P. Seibels, Jr., of The Seibels Law Firm, PA, of Charleston, for Respondent.
 
 
 

JUSTICE BURNETT:  The trial court granted summary judgment to the City of Goose Creek (Respondent), finding the deeds which purported to convey property to Respondent are not void.  We reverse.
FACTUAL/PROCEDURAL BACKGROUND
In 1967, Forest Lawn Company (Appellant) purchased property from Arista Corporation.  The property was located in the Colonial Heights subdivision near Goose Creek.  Appellants note was secured by a mortgage on the entire property.  The first mortgage was held by Arista.  The second mortgage was held by Jack Brickman, the President of Arista, in the amount of $50,000.  In 1977, Arista and Brickman released their liens on lots 80-119[1] to Appellant after Appellant applied $35,000 toward the mortgage.  The releases were duly recorded in 1977.   
Brickman filed a foreclosure action against Appellant for failure to make payments on the note in 1993.  At the hearing for the foreclosure action, Brickman testified: A number of parcels and lots have been released from the lien of my mortgage; and, of course, these would be excluded from the foreclosure proceedings.  In 1994, the Master-in-Equity ordered the sale of the property saving and excepting therefrom, however, such tracts and lots which have heretofore been released from the lien of [Appellants] mortgage.  Millwright Services, a junior lienholder, purchased the property and recorded the deed in 1995.  The Notice of Sale signed by the Master included the same language as the Masters order, which provided an exception for certain lots previously released.  However, the deed and Notice of Sale specifically included lots 80-83 as part of the property conveyed.  Appellant filed a motion to reconsider which was denied. 
 
In 1998, Millwright Services conveyed its interest in lots 80-83 to Respondent under a general warranty deed.  Respondent purchased title insurance on the property.  After Appellant discovered the conveyance, he repeatedly notified Respondent of his alleged interest in lots 80-83 and provided copies of all the pertinent documents to prove the Masters deed was erroneous.  
In 2005, Appellant filed a complaint in Berkeley County alleging, inter alia, (1) the deed conveying property to Respondent is void insofar as it relates to lots 80-83; (2) the Masters deed conveying property to Respondents predecessor-in-interest, Millwright Services, as a result of the foreclosure action erroneously included lots 80-83 and was, therefore, void; and (3) Appellant is the rightful owner of lots 80-83.  The trial court granted Respondents motion for summary judgment, holding the deeds in dispute are not void because the foreclosure action from which they originate is not void.  The trial court also found Respondent qualified for protection under the bona fide purchaser doctrine, and Appellants failure to address the alleged error of the deed for almost ten years rose to the level of laches and waiver, which bar the action.  Appellant responded by filing this appeal. 
 
ISSUES

 
 
  I.
 Did the trial court err in 
 holding the Master had authority to effect the sale of the property when lots 80-83 had been released from the mortgage?
 
 
 
 II. 
 Did the trial court err in 
 finding Respondent was a bona fide purchaser?
 
 

STANDARD OF REVIEW
On appeal from an order granting summary judgment, the appellate court applies the same standard that governs the trial court.  David v. McLeod Regl Med. Ctr., 367 S.C. 242, 626 S.E.2d 1 (2006).  A trial court may properly grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Pittman v. Grand Strand Entmt, Inc., 363 S.C. 531, 611 S.E.2d 922 (2005).  The appellate court, like the trial court, must view all ambiguities, conclusions, and all inferences arising in and from the evidence in a light most favorable to the non-moving party below.  Osborne v. Adams, 346 S.C. 4, 550 S.E.2d 319 (2001).
LAW/ANALYSIS
I.  Authority of the Master
The trial court held the conveyance of lots 80-83 under the Masters deed was valid and, in doing so, mistakenly focused on subject matter jurisdiction.  Whether the Masters judgment was a proper exercise of jurisdiction is not an issue.  Rather, the issue is whether the Master had authority to effect the sale of lots 80-83 when the lots had previously been released from the mortgage.  We hold the Master did not have such authority. 
 
It is well settled that a deed cannot convey an interest which the grantor does not have in the land described in the deed, even though by its terms the deed may purport to do so.  Cummings v. Varn, 307 S.C. 37, 42, 413 S.E.2d 829, 832 (1992) (citing Griggs v. Griggs, 199 S.C. 295, 19 S.E.2d 477 (1942)).  This long-standing principle applies with equal force to the foreclosure of a mortgage and title conveyed under a Masters deed.[2]  The Masters deed could not convey title to lots 80-83 because those lots were no longer subject to the mortgage.  The erroneous inclusion of lots 80-83 in the Notice of Sale and deed does not change this fact.  Therefore, the trial court erred in granting Respondents motion for summary judgment and determining the Masters deed conveyed title of lots 80-83 to Respondent.
II.  Bona Fide Purchaser
Appellant argues the trial court erred in granting summary judgment to Respondent based on the alternative ground Respondent was a bona fide purchaser.  We agree.
A bona fide purchaser is protected from anothers claim to property when: (1) the purchase money was paid before notice of any outstanding encumbrances or equities; (2) the purchaser acquired legal title, or the best right to it, before notice of the outstanding encumbrances or equities; and (3) the purchaser purchased in good faith and without notice.  S.C. Tax Commn v. Belk, 266 S.C. 539, 543, 225 S.E.2d 177, 179 (1976).  
 
The issue is whether Respondent had notice lots 80-83 had been released to Appellant.  Under S.C. Code Ann. § 30-7-10 (2007), deeds or instruments conveying or releasing real property are valid to subsequent purchasers without notice when they are recorded.  Respondent cannot claim it was without notice of the release of lots 80-83 when such release had been properly recorded in 1977.  Therefore, Respondent was not a bona fide purchaser.
CONCLUSION
We reverse the trial court and hold Respondent was not entitled to summary judgment because the Master did not have authority to effect the sale of lots 80-83 when the lots had previously been released from the mortgage, and because Respondent was not a bona fide purchaser when it had record notice of such release.  We remand for further proceedings consistent with this opinion.   Accordingly, we need not address Respondents laches and waiver arguments.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S .E.2d 591, 598 (1999) (explaining the appellate court need not address remaining issues when disposition of prior issues is dispositive).
REVERSED AND REMANDED.
TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

[1] Of the 39 lots released from the mortgage, only lots 80-83 are at issue.
[2] See Belue v. Fetner, 251 S.C. 600, 606, 164 S.E.2d 753, 756, (1968) (The mortgage executed by Florence Belue necessarily covered only the life estate interest which she acquired under the deed from Ola Belue for that was all that she had; and the Masters deed in the foreclosure could convey no more.); Bethea v. Bass, 240 S.C. 398, 126 S.E.2d 354, 360, (1962) (The mortgage from Thomas M. Bethea, Sr., in 1925, though purporting to include the fee, covered only his life estate, for that was all that he had; and the Masters deed in the foreclosure could convey no more.).