0514

George VON ELBRECHT, Plaintiff-Respondent, v. Willie JACOBS, Defendant-Cross-Complainant-Appellant, and William H. Lindler, Treasurer and Tax Collector for Richland County, Defendant-Appellant, and Steve Cox Realty, Inc., Defendant-Respondent.

(332 S. E. (2d) 568)

Court of Appeals

*George M. Lee, Jr.*, Columbia, *for defendant-cross-complainant-appellant.*

*Thomas B. Levy*, Columbia, *for defendant-appellant.*

*Ronald R. Hall*, Cayce, *for plaintiff-respondent.*

*Lewis Lanier*, of *Horger, Horger & Nance*, Orangeburg, *for defendant-respondent.*

Heard April 24, 1985.

Decided June 26, 1985.

CURETON, Judge:

In this action to remove a cloud on title, the trial court held that a grantee acquiring an interest in property from a delinquent taxpayer after a tax sale but prior to expiration

of the redemption period may defeat the interest of the purchaser at the tax sale despite the grantee's failure to redeem the property. We disagree, reverse and remand.

The property in dispute is a lot which was owned by respondent Steve Cox Realty, Inc. Cox failed to pay the 1979 property taxes and execution was issued on October 3, 1980. Appellant Willie Jacobs was the highest bidder at the public sale held on November 3, 1980. Immediately thereafter, the tax records in the Richland County Treasurer's Office relating to the lot were stamped in red "Sold for Taxes."

Three months after the tax sale, Cox sold the lot to respondent George Von Elbrecht. Elbrecht's deed was recorded a few days later.

After expiration of the twelve-month redemption period, the County conveyed the lot to Jacobs by a tax deed which was recorded on December 21, 1981. When Jacobs attempted to take possession of the lot, Elbrecht refused to surrender possession of the premises.

Elbrecht brought this action to set aside the tax deed. Jacobs answered and counterclaimed for a declaration of title and possession. He also cross-claimed against Cox.

The circuit court found that the stamp on the tax records "Sold for Taxes" failed to impart constructive notice of the tax sale and that Elbrecht received title from Cox without actual notice of the tax sale. The court held, therefore, that Elbrecht was an innocent purchaser for value whose recorded deed was superior to Jacob's subsequently recorded tax deed.

In South Carolina, the sale of property of a defaulting taxpayer is governed strictly by statute. *Obsborne v. Vallentine*, 196 S. C. 90, 12 S. E. (2d) 856 (1941). The statutory scheme is relatively simple. As of the thirty-first of December, all taxes for the ensuing year became a lien upon the property of the taxpayer. S. C. Code Ann. Sections 12-49-10 and 12-49-20 (1976). At the expiration of the time allowed by law for payment of the taxes, the treasurer issues execution and the sheriff sells so much of the taxpayer's property as is necessary to pay the taxes. S. C. Code Ann. Sections 12-49-410, 12-49-460 (1976). The purchaser at the tax sale is not given a deed or title at that time. Instead, the sheriff issues only a receipt showing payment of the pur-

chase price until the twelve-month redemption period expires. S. C. Code Ann. Section 12-49-460 (1976). During the twelve months, the owner, grantee from the owner, or other interested person may redeem the property by paying the taxes and additional costs and expenses of the sale. S. C. Code Ann. Section 12-49-520 (1976). If the owner or grantee fails to redeem the property within the twelve months, the sheriff is required to issue a tax deed to the tax sale purchaser. S. C. Code Ann. Section 12-49-550 (1976).

Applying these statutes, the tax lien, under which Jacobs claims to have acquired ownership of the lot, attached to the lot by operation of law in December 1978 and remained an encumbrance until the taxes due were paid. The lien, a creature of statute rather than a conveyance evidenced by a written instrument, is not embraced by the Recording Act[1] which relates solely to conveyances.

The Recording Act therefore does not protect a bona fide purchaser against liens or other interests arising out of instruments not entitled to be recorded. G. W. Thompson, *Thompson on Real Property* Section 4297 (1978). Assuming without deciding that Elbrecht was a bona fide purchaser for value without notice, his attempted purchase of the lot and the recordation of his deed did not displace the priority of the lien although the lien was not recorded. Under this circumstance, the interest prior in time, *i.e.*, the tax lien, prevails over the later attempted conveyance of the land. Likewise, Jacob's tax title, which he claims under the valid tax sale, also has priority over that of Elbrecht.

Moreover, a grantor of real property generally can transfer no greater interest than he himself has in the property. *Belue v. Fetner*, 251 S. C. 600, 164 S. E. (2d) 753 (1968); *Crook v. Hartford Fire Insurance Co.*, 175 S. C. 42, 178 S. E. 254 (1935). A defaulting taxpayer whose

---

[1] S. C. Code Ann. Section 30-7-10 (1976) provides:

"All deeds of conveyance ... deeds of trust ... mortgages or instruments in writing in the nature of a mortgage ... marriage settlements ... leases ... statutory liens ... contracts for the purchase and sale of real property ... assignments, satisfactions, releases ... and generally all instruments in writing required by law to be recorded in the office of the register of mesne conveyances ... shall be valid so as to affect the rights of subsequent ... purchasers for valuable consideration without notice only from the day and hour they are recorded in the office of the register of mesne conveyances. ..."

property has been sold for taxes has title, defeasible upon failure to redeem within twelve months after the tax sale. S. C. Ann. Section 12-49-520 and 12-49-550 (1976). A deed by the taxpayer after the tax sale merely transfers the right to redeem. G. W. Thompson, *Thomspon on Real Property* Section 2766 (1978). As in the case of the defaulting taxpayer, the grantee loses any claim to the property if redemption is not made within the period established by law. S. C. Code Section 12-49-550 (1976). Elbrecht's failure to redeem the property prior to the issuance of the tax deed to Jacobs cut off any rights Elbrecht had in the property.

Having determined that the recording act does not govern relationships arising out of a State tax lien and tax sale, we reverse the judgment of the circuit court and remand the case for entry of judgment consistent with the decision herein.

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concur.