23756

Morris H. TAYLOR, Jr., Appellant v. James H. MILL, Phillip A. Goldberg, Marjorie Sharpe as Lexington County Tax Collector, Lexington County, Internal Revenue Service, United States of America and all persons claiming any right, title, estate, interest in or lien upon the real estate being described herein, any unknown adults or entity being as a class designated as John Doe, and any unborn infants or persons under disability being as a class designated as Richard Doe, Defendants, of whom James H. Mill is a Respondent.

(426 S.E. (2d) 311)

Supreme Court

*Gary L. Wooten*, Columbia, *for appellant.*

*Richard W. Arnold* of *King & Vernon,* Columbia, *for respondent.*

Heard Nov. 6, 1992.

Decided Dec. 14, 1992.

MOORE, Justice:

This is an action to quiet title to a one-acre lot in Lexington County. We affirm.

## FACTS

The facts are not contested. The property in question was owned by Philip Goldberg. In 1978 and 1984, the Internal Revenue Service filed federal tax liens in Lexington County totalling $23,890. On July 9, 1984, appellant Taylor bought the property for $2,860 at a federal tax sale. On July 11, 1985, the Internal Revenue Service issued him a deed. Taylor did not record the deed until June 20, 1988.

Meanwhile, between the date of the federal tax sale and the date Taylor recorded his deed, Lexington County seized the property for Goldberg's failure to pay county property taxes which had accrued in 1983, 1984, and 1985, totalling $426. In July 1986, respondent Mill purchased the property at a county tax sale for $550. The county issued him a deed on March 11, 1988, which he recorded on July 27, 1988, one month after Taylor's deed was recorded.

The Master-in-Equity held Mill was the legal title holder since Taylor purchased the property at the federal tax sale subject to county tax liens. Taylor therefore lost his interest in the property when he failed to redeem the property within twelve months after Mill purchased it at the county tax sale.

## ISSUES

1. Whether the county property tax liens held priority over the federal tax liens?

2. Whether the order of recording determines the priorities in this case?

## DISCUSSION

Taylor argues that the federal tax liens by which he acquired his deed had priority over the county property tax liens because federal tax liens were filed before

county taxes had accrued. He claims the county tax liens were therefore extinguished when he purchased the property at the federal tax sale. We disagree.

By statute, a county property tax becomes a first lien upon real property that attaches at the beginning of the fiscal year during which the tax is levied. S.C. Code Ann. §§ 12-49-10 and 20 (1976). Nothing further need be done to perfect this lien. *See United States v. State*, 227 S.C. 187, 87 S.E. (2d) 577 (1955). Most importantly, the Internal Revenue Code provides that a federal tax lien does not have priority over a local property tax lien "if such lien is entitled under local law to priority over security interests in such property which are prior in time." 26 U.S.C.A. § 6323(b)(6) (1989). Sections 12-49-10 and 20 give a county property tax lien such priority and thus it prevails over a federal tax lien. Taylor therefore bought the property in 1984 subject to county property tax liens for 1983 and 1984 which were not extinguished by the federal tax sale. *See Von Elbrecht v. Jacobs*, 286 S.C. 240, 332 S.E. (2d) 568 (Ct. App. 1985).

The unpaid county property taxes were a matter of public record and it was Taylor's own lack of diligence in failing to discover them that caused his loss. Taylor also failed to either notify Lexington County that he was the grantee of the delinquent taxpayer Goldberg or to record his deed. Lexington County therefore had no obligation to notify Taylor of the county tax sale under S.C. Code Ann. § 12-51-40 (Supp. 1991). Once Taylor failed to timely redeem the property as was his right under S.C. Code Ann. § 12-51-90 (Supp. 1991), title properly vested in Mill under S.C. Code Ann. § 12-51-130 (Supp. 1991).

Taylor insists he holds legal title because his deed was recorded first and therefore takes priority under the Recording Statute, S.C. Code Ann. § 30-70-10 (1976). In this case, however, priority is not determined by the order in which the deeds were recorded. The county tax liens survived as first liens on the property even after it was conveyed to Taylor. Taylor's recorded deed evidenced only his interest in the property subject to the county tax liens. *See Von Elbrecht v. Jacobs, supra.*

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.