724 S.E.2d 685

**HIGHLANDS PROPERTY OWNERS ASSOCIATION, INC., Appellant,**

v.

**SHUMAKER LAND, LLC, Respondent.**

**No. 4952.**

Court of Appeals of South Carolina.

Heard Dec. 5, 2011.

Decided March 14, 2012.

D. Ryan McCabe and Stephanie C. Trotter, both of Columbia, for Appellant.

Robert C. Ashley, of Columbia, for Respondent.

WILLIAMS, J.

On appeal from the Master–in–Equity (Master), Highlands Property Owners Association, Inc. (the Association) challenges the Master's determination that Respondent Shumaker Land, LLC's (Shumaker LLC) seven lots within the Highlands development were not subject to assessments levied by the Association pursuant to the restrictive covenant governing the development. The Association argues the Master erred in failing to establish a lien against Shumaker LLC's lots and in failing to foreclose upon the lien because Shumaker LLC was

subject to this restrictive covenant at all relevant times. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

The Association instituted this action against Shumaker LLC to collect unpaid annual assessments for 2007 on seven lots owned by Shumaker LLC within the Highlands development. Shumaker LLC counterclaimed, seeking a judicial declaration that Shumaker LLC is the successor "Declarant" as defined by the Covenants, Conditions, and Restrictions of the Highlands (Covenants) and, as a result, the seven lots are not subject to assessments by the Association. There is no dispute as to the basic facts of this case, but instead as to the interpretation of the Covenants.

The original developer, Highlands Development Limited Partnership (HDLP), under the direction of J. Allen Shumaker (Shumaker) in his capacity as president of the partnership as well as one of two principal limited partners in HDLP, executed the Covenants as the Declarant and developer of the residential community. The Covenants authorized the Association to collect from each property owner an annual assessment. Article IV, Section 7 of the Covenants provides, in pertinent part:

> The annual assessments provided for herein shall commence as to each lot on the first day of the month following the conveyance of the lot by Declarant to any person or entity other than a sale of all of Declarant's interest in all of the properties.

Also at issue is the interpretation of the term Declarant used in the Covenants. Article I, Section 7 of the Covenants states, in pertinent part:

> "Declarant" shall mean and refer to HIGHLANDS DE-VELOPMENT LIMITED PARTNERSHIP, or any other person or entity who succeeds to the title of Declarant to any portion of the Properties by sale or assignment of all of the interests of the Declarant in the Properties, *if the instrument of sale or assignment expressly so provides. . . .*

(emphasis added). In December 2003, the homeowners of the Highlands development assumed control of the Association. As HDLP began dissolving its partnership several years later,

HDLP conveyed the seven lots in question to Shumaker individually. Noticeably, the deed did not assign or transfer any rights under the Declaration to Shumaker as required by the Covenants. That same day, on July 28, 2006, Shumaker conveyed the seven lots to his limited liability company, Shumaker LLC. This deed also failed to assign or transfer any rights under the Declaration to Shumaker LLC as required by the Covenants.

Following the conveyance of the seven lots, the Association levied assessments against Shumaker LLC pursuant to the Covenants. Although a portion of the 2006 annual assessments were paid on the lots, Shumaker LLC failed to pay the assessments due on the property for 2007, and the Association filed a notice of lien on each of the seven lots. Fourteen months later, on August 25, 2008, HDLP executed an Assignment of Declarant's Rights (Assignment) conveying "all rights of Declarant in The Highlands" to Shumaker LLC.

A hearing was conducted on March 9, 2009, and the Master initially issued an order of foreclosure and sale and awarded the Association $13,190.15 (the June Order). Shumaker LLC timely filed a Rule 59(e), SCRCP, motion seeking to alter or amend the June Order. The Master subsequently issued a second order (the August Order) finding in favor of Shumaker LLC and denying the Association's request for foreclosure. After the Master conducted a second hearing regarding the contradicting orders, the Master granted Shumaker LLC's motion, vacating the June Order and ratifying the August Order. This appeal follows.

## STANDARD OF REVIEW

■ "In an appeal from an action in equity, tried by a judge alone, this court may find facts in accordance with its own view of the preponderance of the evidence." *Lowcountry Open Land Trust v. Charleston S. Univ.*, 376 S.C. 399, 407, 656 S.E.2d 775, 779 (Ct.App.2008).

## LAW/ANALYSIS

### I. Definition of "Declarant"

■ The Association contends the Master erred in determining Shumaker LLC qualified as a Declarant under Article I, Section 7 of the Covenants. We agree.

"The law in this state regarding the construction and interpretation of contracts is well settled." *Conner v. Alvarez,* 285 S.C. 97, 101, 328 S.E.2d 334, 336 (1985). When the language of a contract is clear, explicit, and unambiguous, the language of the contract alone determines the contract's force and effect. *Ellie, Inc. v. Miccichi,* 358 S.C. 78, 93, 594 S.E.2d 485, 493 (Ct.App.2004). In addition, "[w]here an agreement is clear and capable of legal interpretation, the court's only function is to interpret its lawful meaning, discover the intention of the parties as found within the agreement, and give effect to it." *Id.* (citing *Heins v. Heins,* 344 S.C. 146, 158, 543 S.E.2d 224, 230 (Ct.App.2001)).

The Master found the distribution of the remaining seven lots to Shumaker LLC to be all the remaining assets belonging to HDLP. The distribution was made in conjunction with the dissolution of the limited partnership and was part of the transfer or assignment of all of HDLP's interest in the Highlands development to Shumaker LLC. Accordingly, the Master found Shumaker LLC, as successor in interest to HDLP, acted as the Declarant under the Covenants so that the seven lots were not subject to the assessments.

We find the Covenants, when read in their entirety, support a finding that Shumaker LLC is not the Declarant. As noted previously, Article I, Section 7 of the Covenants defines Declarant as the "HIGHLANDS DEVELOPMENT LIMITED PARTNERSHIP, or any other person or entity who succeeds to the title of Declarant ... by sale or assignment of all of the interests of the Declarant in the Properties, *if the instrument of sale or assignment expressly so provides.*" (emphasis added). HDLP, as the original Declarant under the Covenants, conveyed the property to Shumaker on July 28, 2006. The deed to Shumaker does not reference any rights held by HDLP as Declarant, nor does the deed purport to transfer any of those rights to Shumaker. Because the deed does not expressly convey the Declarant's rights to Shumaker upon taking title to the seven lots, Shumaker does not qualify as a Declarant under Article I, Section 7 of the Covenants. Accordingly, because Shumaker was not a Declarant, Shumaker LLC cannot qualify as the Declarant by virtue of succeeding title to Shumaker.

## II. Annual Assessments [1]

■ The Association next argues because Shumaker was not the Declarant, his subsequent conveyance to Shumaker LLC is not exempt from the annual assessments levied against Shumaker LLC for the seven lots. We agree.

■ In his August Order, the Master found HDLP's transfer of the seven lots to Shumaker and Shumaker's subsequent transfer to Shumaker LLC represented "a sale of all of Declarant's interest in all of the properties" as contemplated by Article IV, Section 7 of the Covenants. Shumaker LLC argues that the Master properly found Article IV, Section 7 of the Covenants was satisfied, preventing the commencement of an annual assessment. However, the Master failed to read the provisions of the Covenants together. "It is fundamental that in the construction of the language of a [contract], it is proper to read together the different provisions therein dealing with the same subject matter, and where possible, all the language used should be given a reasonable meaning." *Brady v. Brady*, 222 S.C. 242, 246, 72 S.E.2d 193, 195 (1952). Read together, Article I, Section 7 and Article IV, Section 7 of the Covenants state the original Declarant intended that it would retain all powers and rights under the Declaration unless it expressly conveyed those rights and powers to some other entity in writing. The deed conveying the seven lots from HDLP to Shumaker did not expressly convey the Declarant's rights to Shumaker upon taking title. As a result, Shumaker was never the Declarant for the Highlands. Therefore, the conveyance from Shumaker to Shumaker LLC could not constitute "a sale of all of Declarant's interests in the properties" as contemplated by Article IV, Section 7 of the Covenants. The subjective intentions of Shumaker in transferring the properties and dissolving the limited partnership simply are not relevant. *See Forest Land Co. v. Black*, 216 S.C. 255, 262, 57 S.E.2d 420, 424 (1950) ("The fundamental rule in construing covenants and restrictive agreements is that the intention of the parties *as shown by the agreement*, governs.") (emphasis added).

---

1. We combine the Association's second and third arguments.

█ Shumaker LLC further argues HDLP's Assignment to Shumaker LLC evinces the limited partnership's intent to transfer all rights of the Declarant to Shumaker LLC, exempting Shumaker LLC from the assessments levied by the Association. We find Shumaker LLC's argument is without merit. As an initial matter, we note the Assignment attempting to memorialize the transfer of rights and authority occurred fourteen months after the Association filed a notice of lien on each of the seven lots. Moreover, at the time it executed the Assignment to Shumaker LLC, HDLP no longer retained any rights, title, or interest in the seven lots as the limited partnership already transferred its interest in the property to Shumaker on July 28, 2006. As a result, HDLP's subsequent attempt to execute the August 25, 2008 Assignment is invalid. *See Von Elbrecht v. Jacobs*, 286 S.C. 240, 243, 332 S.E.2d 568, 570 (Ct.App.1985) ("[A] grantor of real property generally can transfer no greater interest than he himself has in the property."). Therefore, Shumaker LLC is not the Declarant as defined by the Covenants. Accordingly, annual assessments for the seven lots properly commenced upon the sale from Shumaker to Shumaker LLC.

In view of our determination that the Master erred in finding Shumaker LLC exempt from the annual assessments levied by the Association, we need not reach the Association's remaining argument regarding a balancing of the equities. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

Accordingly, we reverse and remand the case to the Master with instructions to commence foreclosure proceedings against the seven lots to satisfy the unpaid assessments.

**REVERSED AND REMANDED.**

SHORT and GEATHERS, JJ., concur.