**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The RMUE through its General Officers Barbara B. Clark, Warren E. Hatcher, Cassie Keeton, Daniel Green, Powell Hampton, Amos Hatcher, Bobby Keeton, James Moseley and Willie B. Oliver, Respondents,

v.

Herman Bolds, Richard Brown Cecil Parker, Theodore Miller, Carl Miller, Joan S. Roper, Martha Matthews, Thomasina G. Walker, Marilyn S. Washington, Jaree R. Stanley, Audrey Wilder, Derrick Lucas, Willie Parker, Jr., James Cromwell, James A. Roper, III, Elizabeth R. Parker, Jacqueline R. Miller and Payne Church, Appellants.

Appellate Case No. 2016-000513

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-082
Submitted January 1, 2018 – Filed February 14, 2018

———————

**AFFIRMED**

———————

Eduardo Kelvin Curry, of The Curry Law Firm LLC, of North Charleston, for Appellants.

Darrell T. Johnson, Jr. and Mills Lane Morrison, Jr., both of Law Offices of Darrell Thomas Johnson, Jr. LLC, of Hardeeville, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Major v. Penn Cmty. Servs., Inc.*, 395 S.C. 175, 180, 717 S.E.2d 70, 72 (Ct. App. 2011) ("Generally, an action to quiet title is one in equity."); *Hilton Head Plantation Prop. Owners' Ass'n v. Donald*, 375 S.C. 220, 223, 651 S.E.2d 614, 616 (Ct. App. 2007) (per curiam) ("[W]hen the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat the plaintiff's action, the issue of title is legal."); *Major*, 395 S.C. at 180, 717 S.E.2d at 72 ("Therefore, in a case tried without a jury, the factual findings of a [circuit court] regarding title will not be disturbed on appeal unless found to be without evidence [that] reasonably supports the [circuit court]'s findings."); *Lowcountry Open Land Tr. v. State*, 347 S.C. 96, 103, 552 S.E.2d 778, 782 (Ct. App. 2001) ("[T]he party asserting a transfer of title bears the burden of proving its own good title."); *Mulherin-Howell v. Cobb*, 362 S.C. 588, 601, 608 S.E.2d 587, 594 (Ct. App. 2005) ("A quitclaim deed does not guarantee the quality of title, but only conveys that which the grantor may lawfully convey."); *Von Elbrecht v. Jacobs*, 286 S.C. 240, 243, 332 S.E.2d 568, 570 (Ct. App. 1985) ("[A] grantor of real property generally can transfer no greater interest than he himself has in the property.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.